ADAMS<br>v.<br>LEAR.

---

## VALEGA v. BROUSSARD.

Where a new trial has been granted to a party to enable him to establish a fact by the evidence of a certain witness, and this witness is not produced on the second trial, nor his absence accounted for, no other trial will be granted to the same party, to enable him to prove the same fact, though applied for on the ground of newly discovered evidence, and supported by an affidavit of the applicant in which a different witness is named as one by whom the fact is expected to be proved. Due diligence was not used to procure the evidence.

APPEAL from the District Court of West Baton Rouge, *Voorhies*, J. *Labauve*, for the appellant. *Herron*, for the defendant. The judgment of the court was pronounced by

VALEGA
v.
BROUSSARD.

KING, J, This suit is instituted to rescind the sale of a slave, on the ground that the slave was in the habit of running away. The cause was, at different times, submitted to two juries, and both trials resulted in verdicts for the defendant. From the judgment rendered upon the last verdict the plaintiff has appealed.

The plaintiff moved for a new trial in the court below, on the grond of newly discovered evidence; and in his affidavit named a witness by whom he expected to prove that the slave ranaway from the defendant while in the possession and ownership of the latter, and remained absent for several days. The motion was overruled, and we think, under the circumstances of this case, correctly. The plaintiff had applied for and obtained a new trial after the first verdict against him, upon the ground that a different witness would prove the same fact. That witness was not produced on the second trial, and the failure to produce him is not accounted for. The cause had been pending for more than two years before the second trial. These facts justified the conclusion of the judge that, due diligence had not been used by the plaintiff to procure his evidence.

On the merits the testimony is not such as to authorize us to disturb the judgment, after two juries have passed upon the facts, and have concurred in their verdicts.          *Judgment affirmed.*