No. 127.—JOHN LOUIS PEROT *v.* MARIE LOUISE LEVASSEUR.

A transfer or assignment of a promissory note secured by mortgage carries with it all the rights of mortgage, and privileges given to secure it.

Where a series of notes have been executed, secured by mortgage on the same piece of property, and the payee transfers them to different third parties, the privilege of the holders is concurrent on the proceeds of the sale of the mortgaged property. 1 Rob. 221 ; 16 La. 225.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Ryan*, J. *J. M. B. Tucker*, for plaintiff and appellee. *Chaplin & Son* and *Pierson & Levy*, for defendant and appellant.

TALIAFERRO, J. Madame Levasseur being owner and holder of four promissory notes executed in her favor for the payment of the price of a tract of land sold by her to McTier, transferred the one first due to Perot, the plaintiff. These notes constituted a series, bearing the same date, made payable at different periods, and their payment secured by mortgage and vendor's privilege. In September, 1865, Perot obtained judgment against McTier on the note he held, with recognition of the mortgage and privilege upon the land. Subsequently Mrs.

67

Levasseur obtained judgment on the other notes, and transferred the judgment to Henry, subrogating him to all her rights under the judgment which recognized the mortgage and vendor's privilege, and ordered a seizure and sale of the land. Mrs. Levasseur, or her transferee, caused the land to be sold under a writ *fieri facias*. Perot, the plaintiff by third opposition, enjoined the sheriff from paying over the proceeds of the property to the party seizing, alleging that he is entitled to priority in the distribution of the funds. Each note is for the sum of $1080, with interest, and the land was sold for $525. Each litigant denies the right of his adversary to participate in the appropriation of the money. Judgment was rendered in favor of the plaintiff, directing the proceeds to be paid to him by preference over all other claimants. From this judgment the defendant has appealed.

There is much difference between the counsel in their construction of the evidence introduced in the case. On the part of the defendant, it is denied that there is any evidence that Madame Levasseur ever indorsed the note held by Perot, and he is charged with fraud and bad faith. The only evidence in relation to the indorsement is that of Perot himself and two others. Perot testifies that he showed the note to Mrs. Levasseur, and that she said "she must have indorsed it." Two other witnesses state that they heard Mrs. Levasseur say that she did not think she had indorsed it, or that she did not recollect having indorsed it. We do not find any proof of fraud on the part of Perot. It is clear that he paid the amount of the note. This is not denied by defendant, who insists that the money was advanced by Perot for McTier, the maker of the note, and he contends that Perot has no subrogation of the payee's right of mortgage. There is on this point of the destination of the money paid by Perot a discrepancy in the evidence, but we think there is a preponderance in favor of the statement that Mrs. Levasseur owed a debt to Madame Scopini, and in order to obtain the money to pay it, transferred the note to Perot. This transfer carried with it all the privileges and mortgages attached to it. Civil Code, article 2615. The articles of the Code relative to payment with subrogation do not apply to the case of an absolute transfer of a debt which includes its accessories. See the case of Oakey & Hawkins *v.* the sheriff et al., 13 An. page 273. Here Mrs. Levasseur, needing money to pay her debt to Madame Scopini, sold the note to Perot, and consequently the accessory right of mortgage and privilege accompanied the sale.

It is argued on behalf of the plaintiff, that the first note of the series being transferred to him, Mrs. Levasseur could not come in ratably with him in the distribution of the proceeds of the mortgaged property in virtue of the other notes for which the property was equally mortgaged, and that not having that right she could not transfer it to another. The case of Salzman *v.* his creditors, 2 Rob. page 243, and 21 An. 261, are relied upon to support this position. The doctrine announced in Salzman *v.* his creditors is settled " that where the holder of a claim secured by mortgage assigns a part of it, he can not be per-

mitted to come in competition with his assignee if the pledge is insufficient to pay both." But this rule does not hold where a party having assigned a portion of the mortgage debt subsequently transfers other portions of it; for in this case the second transferee is not postponed. See 3 An. p. 144, Adams et al. *v.* Leah. All the assignees stand upon an equality, and partake concurrently. In the case just cited the court said: "This doctrine of equality has been frequently recognized," referring to 1 Rob. 224, and 16 La. 225.

We think that in this case the distribution should be made *pro rata.*

A bill of exceptions was taken to the ruling of the court refusing to receive a motion made by plaintiff, after both plaintiff and defendant had announced to the court that they had no further evidence to offer, to have experts appointed for the purpose of comparing the signature of Mrs. Levasseur on the back of the note in controversy, with her signature to the original act of sale of the land to McTier. The conclusion we have reached in this case renders it unnecessary that we should examine it.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed.

It is further ordered that the proceeds of the sale of the mortgaged property be divided *pro rata* between the plaintiff and the defendant.

It is further ordered that the costs in the lower court be paid out of the fund to be distributed; the plaintiff and appellee to pay the costs of appeal.

Rehearing refused.