GEORGE WATERMAN AND OTHERS, RESPONDENTS, *v.* GIDEON WEBSTER AND OTHERS, APPELLANTS.

*Mortgage — construction of it — who is entitled to receive the principal and execute a satisfaction-piece of the mortgage — what charges a purchaser with notice.*

In 1857, James and Jasper Waterman, who then owned certain real estate subject to the dower of their mother, conveyed the same to one Webster, who gave back a mortgage for $1,500 to Jasper. The interest upon the principal sum was to be paid to the mother during her life, and upon her death $640.12 of the principal was to be paid to Jasper, and $859.89 thereof was to be distributed between the plaintiffs, children of James, who were then minors, as they should respectively arrive at age, and in case of the death of any of them, then the survivors were to take that share; and if all should die before arriving at full age, then it was to be paid to James, and if he were then dead to his brothers and sisters. The said sum of $859.89 was directed to be invested during the minority of the children, the securities to be prepared ready to execute before it should be payable. The mortgage contained the usual power of sale to be executed by the party of the second part. After the death of the mother, and after the plaintiffs had all arrived at full age, the principal of the mortgage was paid to Jasper, who executed a satisfaction-piece of the mortgage, which was duly recorded.

*Held*, that he had no authority to receive the $859.89 directed to be distributed

among the plaintiffs, and that they were entitled to have the satisfaction-piece set aside as to that portion of the mortgage and to foreclose the mortgage.

That as the mortgage and the satisfaction-piece thereof were recorded, a purchaser from Webster had notice of Jasper's lack of authority to receive the plaintiffs' money, and was not protected as a purchaser in good faith without notice.

APPEAL from a judgment in favor of the plaintiffs, entered on a decision of the Cattaraugus Special Term and upon the report of a referee.

The question involved in this case turned upon the proper construction of a clause contained in a mortgage; which reads as follows : "This grant is intended as a security for the payment of the sum of fifteen hundred dollars and interest from date as follows : Interest on the whole sum payable annually to Sarah Waterman, mother of said Jasper, during her life, and the sum of six hundred and forty dollars and twelve cents, payable in three years from date, in case of the decease of the said Sarah Waterman within that time ; in case she should live beyond that time it shall be payable on her decease to said Jasper, and the interest accruing after her decease to him, or said sum of six hundred and forty dollars and twelve cents ; and the said sum of eight hundred and fifty-nine dollars and eighty-nine cents payable in four years, and interest on the same accruing after the decease of said Sarah Waterman ; and in case she should live beyond that period, then on her decease on the following conditions : That the said sum of eight hundred and fifty-nine dollars and eighty-nine cents, and interest on the same accruing after the decease of the said Sarah, shall be invested in or secured on real estate of value sufficient to render such sums secure for the benefit of George Waterman, Charles H. Waterman and Earl E. Waterman, children of James M. Waterman, or the survivor of them, to be distributed between them when they respectively arrive at age ; and in case of the death of either of them the survivor, or survivors, to take his share of said sum, the securities to be prepared ready to execute before it shall be payable ; and in case of the decease of all of the said children before they become of age, then the sum hereby secured for their benefit shall be payable to James M. Waterman, if he shall then be living, and in case of his death to the brother and sisters equally of the said James M. Waterman then surviving on the same conditions."

*C. D. Murray* and *Morris & Lambert*, for the appellants.

*W. Woodbury*, for the respondents.

BRADLEY, J.:

The action was brought to set aside and have canceled of record a satisfaction, and for the foreclosure, of a mortgage made by the defendant Webster to Jasper Waterman. For some years prior and up to 30th November, 1857, James Waterman and the defendant Jasper Waterman, brothers, owned the premises in question subject to the dower of Sarah Waterman their mother. The plaintiffs were then the minor children of James. The defendant, Jasper Waterman, in behalf of himself, his brother James and his mother, negotiated a sale of the premises to defendant Webster, and conveyance was made to him, and he to secure $1,500 of the purchase-money made a mortgage on the premises of date November 30, 1857, in which Jasper Waterman was named as the party of the second part, and by which the interest on the principal sum of $1,500 was made payable annually to Sarah Waterman during her life, and on her death $640.12 of the principal to Jasper Waterman, and the residue $859.89 with accrued interest to be distributed between the plaintiffs when they respectively should arrive at age, and in case of the death of any of them the survivor or survivors of them take it, and if all of them die before arrival at age, then payable to James Waterman, and if he should also then be dead, to his brother and sisters equally. And the mortgage further provided that the principal sum of $859.89, and interest accruing on it after the decease of Sarah, should be secured on real estate of adequate value to secure the fund for the benefit of the plaintiffs; that the securities be prepared ready to execute before it shall be payable, and that the same be payable in four years from the date of the mortgage. And if Sarah should live beyond that time, then on her decease. The right of the mortgagor was reserved to have the mortgage discharged at any time after three years on execution of another payable in the same manner on other land of sufficient value situate in the State.

The mortgage contained the usual power of sale and provided that the power might be executed by the party of the second part, his executors, administrators or assigns in case of default in pay-

ment of the principal or interest and to retain the amount for principal and interest, etc. The mortgage was delivered to Jasper and was recorded in Cattaraugus county. The mother died May 3, 1870. The $640.12 payable to him was, with interest, paid to his assignee, and the $859.89, with accrued interest, was by the mortgagor paid to Jasper in March, 1871, and he acknowledged satisfaction, which was recorded in Cattaraugus county clerk's office.

The complaint charges that the payment to Jasper was unlawfully and wrongfully made; that the defendant Hill had purchased the premises with notice of the circumstances, and that the discharge should be canceled of record and the premises charged with the mortgage in behalf of the plaintiffs and sold to satisfy the debt due them, and that the parties defendant be barred, etc. The court so held and directed a reference to determine the matter of counterclaim alleged in the answer, and directed judgment on filing the referee's report. The referee made and filed his report that there was nothing due from the plaintiffs, and judgment was entered pursuant to the decision of the court in favor of the plaintiffs for the entire relief asked for by the complaint. This appeal is taken from that judgment.

No testimony of witnesses appears in the record, although it is said some was given. The facts found will be deemed supported by evidence where any is required other than such facts as are wholly dependent on the terms of the mortgage.

The main inquiry is whether the mortgagor was justified in making the payment to Jasper Waterman of the sum, which by the instrument was to be distributed between the plaintiffs. This question is understood to be dependent upon the construction of the mortgage. It may be assumed that the $859.89 was the portion of the unpaid purchase-money which belonged to James Waterman. When the mortgage was made the plaintiffs were minors of about the ages of eight, ten and twelve years.

The investment of that principal sum was made by their father for their benefit, and on arrival at the age of twenty-one years they were entitled to receive it. The contention on the part of the defendants is that inasmuch as Jasper Waterman was the party of the second part to the mortgage, and in view of the power by its terms vested in him, he must be treated as a trustee for the plaintiffs

and the person to make the distribution between them. The relation of one as trustee of another person competent to act for himself is not presumed in respect to property or rights of the latter, but must be established by evidence showing its creation. This money secured by the mortgage was clearly the property of the plaintiffs and by the terms of the mortgage it was payable to them; and when it was paid to Jasper they were of age and competent and entitled to receive it. The terms distribute between them on arrival at age respectively can be construed only as a provision for payment to them.

The defendant Jasper was clothed with a power in the nature of duty to see that the fund was protected by continued investment and augmented by accumulation of interest during the minority of the plaintiffs. For that purpose and that only he was a mere instrument, and when they reached maturity his power terminated and their right became complete, and the stipulation of the mortgagor to pay to or distribute between them was theirs. No further investment was contemplated. It was the duty of the mortgagor to pay it and their right to receive it. The mortgage itself so declared.

That instrument quite clearly shows that there was no intention when it was made that the money should be taken and held by Jasper for the plaintiffs, and so carefully was it guarded in that respect that it was required that before the money should be payable (during the minority) securities should be prepared ready for execution for the protection of the fund. There is no provision that the money in question should be paid to Jasper. The mortgage makes the $642,12 payable to him, and no more; that was his portion of the sum secured by it. There is nothing in the terms of the mortgage which can be fairly construed to make him a trustee for the matured plaintiffs, or a medium for transmission of the fund from the mortgagor to them, and when they were emancipated from disability by age they must be deemed representatives of their own rights in respect to this fund, unless they are defeated in that by the fact alone that their uncle Jasper is a party to the mortgage, and therefore his intervention is necessary in their behalf. The old common law rule that in respect to a deed *inter partes* a stranger could not at law avail himself of a stipulation in his favor contained in it was technical and does not exist in this State. (*Lawrence* v.

*Fox*, 20 N .Y., 268; *Burr* v. *Beers*, 24 id., 178; *Recard* v. *Sander-son* 41 id., 179; *Thorp* v., *The K. C. Co.*, 48 id., 253.)

The mortgagor is deemed to have this fund as part of the purchase-price, as trustee for those entitled to it, and his stipulation in the mortgage to pay it to the plaintiffs was effectual to vest in them the right to recover and receive the sum secured for their benefit directly from him. No trust in Jasper arose from necessity in their behalf. And it would seem to follow that the payment to him was not within any authority afforded by the mortgage. But reference is made to the right given Jasper to execute the power of sale and receive the money in that event. That was necessarily to enforce the collection of the sum he was entitled to of that secured. And so far as it related to the fund secured for the plaintiffs, this provision had reference to a proceeding during their minority. After that time the execution of the power would necessarily be for their benefit and subject to their control alone after payment of the amount payable to Jasper. They being entitled to the money so to be distributed between them, all the rights afforded by the mortgage to enforce payment were then by operation of law vested in the plaintiffs, including that of the execution of the power of sale for the purposes of the sum due them. The statute provides that " where a power to sell lands shall be given to the grantee in any mortgage or other conveyance intended to secure the payment of money, the power shall be deemed a part of the security, and shall vest in and may be executed by any person who by assignment or otherwise shall become entitled to the money so secured to be paid (1 R. S., 737, § 133), thus, for all practical purposes, making the plaintiffs parties to the mortgage as effectually as the assignment by a creditor of a debt secured by mortgage would give that relation to the assignee. (*Pattison* v. *Hull*, 7 Cow., 747; *Barlow* v. *Myers*, 64 N. Y., 44; *Payne* v. *Wilson*, 74 id., 354, 355; *Perot* v. *Lavasseur*, 21 La. Ann., 529.)

The defendant, Jasper Waterman, had no more legal right than a stranger to receive payment of the money due the plaintiffs and satisfy the mortgage, and of this the mortgagor was advised by the terms of it.  The mortgage could have no vital existence independent of the debt secured by it or separated from it in ownership. (*Jackson* v. *Blodget*, 5 Cow., 202; *Langdon* v. *Buel*, 9 Wend., 80.)

And when the plaintiffs, by the arrival at the age of twenty-one years, became vested with the unqualified right to the money, the mortgage *ipso facto*, with the right to enforce the mortgage for the purposes of that fund, became theirs with the same effect as an assignment in fact by a creditor of a secured debt would operate to pass the security collateral to it. (*Parmelee* v. *Dann*, 23 Barb., 461.)

The statute (1 R. S., 761, § 28) directing the clerk to discharge a mortgage on the record on the presentation of a certificate of the mortgagee, his personal representatives or assigns, acknowledged, etc., does not give to the mortgagee power to discharge it when he has no right to, or to receive the money secured by it. (*Heilbrun* v. *Hammond*, 13 Hun, 475; *Belden* v. *Meeker*, 47 N. Y., 308.) Within the facts as found the defendant Hill was not a *bona fide* purchaser as against the plaintiffs. The conclusion of the trial court that the money was unlawfully paid to the defendant Jasper, and that the satisfaction acknowledged by the latter and recorded was ineffectual to discharge the mortgage, was justified by the evidence. And the referee properly disposed of the alleged counter-claim upon his finding of the fact. There was no opportunity to assert any personal liability of the plaintiffs for the support given them by defendant Webster's assignor. That was furnished to them while they were minor children pursuant to arrangement with their father. And there is no equitable rule which will charge this fund with the payment of such claim in behalf of a creditor-at-large of the latter.

The judgment should be affirmed, with costs.

SMITH, P. J., and CORLETT, J., concurred; BARKER, J., not sitting.

Judgment affirmed, with costs.