(57 South. 308.)

No. 18,627.

FIRST NAT. BANK OF VICKSBURG v. MAYER et al.

(Jan. 2, 1912.  Rehearing Denied Jan. 29, 1912.)

*(Syllabus by Editorial Staff.)*

1. PARTNERSHIP (§ 146*)—COMMERCIAL PARTNERSHIPS—POWERS OF PARTNERS.

A firm carried on a general country store, and also owned several cotton plantations which it cultivated through tenants on shares making advances to them and buying the greater part of their share of the crops. Which part of the business was the principal part was not shown, and the entire business was conducted as one business. *Held*, that the firm was a commercial firm and a partner could bind it on a note executed by him in due course of business.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 242–255; Dec. Dig. § 146.*]

2. BILLS AND NOTES (§ 534*)—STIPULATIONS FOR ATTORNEY'S FEES—LIQUIDATED DAMAGES.

A stipulation in a note for 10 per cent. attorney's fees, if the note is placed in the hands of an attorney for collection, is a stipulation for liquidated damages, and the fees are recoverable in an action on the note without any proof that they were incurred.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Action by the First National Bank of Vicksburg against Mrs. Lena Mayer and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

J. M. Kennedy, David Goldsmith, and Lee Sale, for appellant. John B. Stone, for appellee

PROVOSTY, J. The appellant, Mrs. Mayer, is sued as commercial partner on two notes of $10,000 and $3,000, and on a stipulation in each of the notes "to pay 10 per cent. attorney's fees if this note be placed in the hands of an attorney for collection."

The firm in which Mrs. Mayer is alleged to have been a partner was originally composed of Mrs. Mayer's father and one Aschaffenburg. The father died, and Mrs. Mayer, his sole heir, stepped into his shoes, with the consent of the surviving partner; and the partnership went on as before. The notes were made by Aschaffenburg in his quality of partner in due course of partnership business. He, too, is now dead; and his succession, represented by an administrator, is a codefendant. Only Mrs. Mayer has appealed.

Her first defense is that the firm was not a commercial, but an ordinary, or planting, partnership; and that therefore Aschaffenburg was without authority to bind her or her father.

[1] The facts in that connection are that the firm carried on a general country store, whose sales amounted to some $2,000 a month, and at the same time owned several cotton plantations which it cultivated through tenants on shares making advances to them, and buying the greater part of their share of the crops.

Upon these facts, the admission has to be made, and is now made in the brief, that the business of said firm was in part of a commercial character; but the contention is that the principal part of the business consisted in the operation of the plantations, and that the nature of the firm is determined accordingly.

Nothing shows which part of the business was the principal part; both were conducted together as one business; and, as the partners held themselves out to the world as commercial partners, and incurred the debt sued on in due course of business, they are liable as commercial partners.

[2] The appellant's (Mrs. Mayer's) next de-

fense is that the attorney's fees are not due, because no proof has been made of the plaintiff's having incurred any expense for the attorney's fees.

In support to this, it is argued that even though the amount stipulated to be paid be determined and fixed, as in this case, the obligation is not to pay the fixed amount thus agreed upon, but only whatever amount of expenses the plaintiff may show was incurred for attorney's fees. In other words, that the attorney's fees are not stipulated by way of liquidated damages, but simply by way of a promise to pay whatever damages may have been suffered.

That contention was expressly passed on by this court, and adversely decided, in Renshaw v. Richards, 30 La. Ann. 398, and runs counter to the numerous cases where such stipulations have been enforced without the present question having been raised, and also to the still more numerous cases where the right to issue executory process for fees thus stipulated has been recognized.

Judgment affirmed.