PROVOSTY, J.
On May 11, 1909, the Fenwick Sanitarium, a corporation, executed a notarial act, in which it declared that it had made its ten promissory notes of even date with the act, to its own order, and by itself indorsed in blank, maturing in one to ten years, the first for $6,000 and the others for $7,500 each, bearing 8 per cent, per annum interest, payable semiannually, and stipulating 10 per cent, attorney’s fees; that it agreed to pay the fees of the attorney who might be employed to collect said notes, or any one of them, in case of nonpayment at maturity, said fees being fixed at 10 per cent, on the amount due and unpaid; and that, to secure the payment of said notes in capital, interest, and attorney’s fees, it mortgaged in favor of the holder and holders of *468 said notes certain real estate which it described. The said notarial act further recited that all of said notes were indorsed by F. F. Young, and that the two maturing in nine and ten years were also indorsed by a list of persons whom it named. These indorsers are the defendants in this suit.
The People’s Bank acquired said notes, and at the maturity of the first brought suit. It alleged all the facts hereinabove stated, and that it desired to have the said mortgage recognized and enforced, and the mortgaged property seized and sold to satisfy the said matured note and the accrued and past due interest on the unmatured notes. It prayed for judgment in solido against Fen-wick Sanitarium and F. F. Young, and asked that the mortgaged property be sold for cash to pay the said matured note and the said past due interest on the unmatured notes, amounting to $4,800, together with the attorney’s fees due thereon, and on terms of credit to correspond with the respective maturities of said unmatured notes. Though it alleged that the other indorsers had indorsed the two last-maturing notes, it did not pray for judgment against them. Included in the suit were claims for insurance, taxes, and notarial protest fees. Judgment was rendered as prayed on December 10, 1910.
Pending an appeal from this judgment, the Interstate Trust & Banking Company, the plaintiff in this suit, acquired the judgment and the notes, and on May 14, 1912, caused h writ of fi. fa. to issue on the judgment. This writ directed the sheriff that, by seizure and sale of the property of the Fen-wick Sanitarium, he cause to be made the sum of $10,800, with 8 per cent, interest thereon from May 11, 1910, plus 10 per cent, attorney’s fees on said debt, and that, to further satisfy said judgment and mortgage, he cause all the property of the Fenwick Sanitarium to be seized and sold on terms of credit to correspond with the maturities of the following notes, describing the nine notes due in two to ten years. The writ also directed the said property to be sold for cash to pay that part of the judgment for insurance, taxes, etc.
On June 22, 1912, the mortgaged property was sold under this writ, and was adjudicated to the plaintiff in writ, the Interstate Trust & Banking Company, for $24,700. The said adjudicatee retained this price, except to an amount sufficient to pay the costs.
On June 17; 1912, a few days before the said adjudication, the plaintiff had instituted the instant suit. It is against the indorsers of the two last-maturing notes for the interest accumulated on them from the date of their execution to the filing of the suit, amounting to $3,600; this interest being the same to satisfy which the property had been ordered to be sold for cash.
The defense is that the cash part of the price of said sale, retained by the plaintiff, had to be imputed to the payment of said interest, and that therefore said interest has been paid.
Defendants invoke articles 2164 and 2166C. C., which provide:
“Art. 2164. Every payment which does not extinguish both the principal and the interest, must be imputed first to the payment of the interest.”
“Art. 2166. When the receipt bears no imputation, the payment must be imputed to the debt, which the debtor had at the time most interest in discharging.”
The plaintiff contends: That these codal provisions have no application whatever to this case. That the indorsements in this case were taken for the very purpose of furnishing additional security, and that this purpose would be defeated if the proceeds of the sale of the mortgaged property should be attributed to the payment of this additionally secured part of the debt. That these indorsers agreed by their indorsement that *470 they would pay these notes, in capital and interest, if the maker of the notes, the Fen-wick Sanitarium, did not pay them, and that, the said maker not having paid this interest, now sued for, these indorsers must pay it under their contract. That, in requiring these indorsements to be given, the bank virtually said:'
“We are not satisfied to lend our money solely upon the security afforded by a mortgage of die sanitarium property; we must have additional security; we must also have approved indorsements, or we will not lend.”
.Finally, plaintiff contends that, while the question of how imputation of payments is to be made upon a debt partly secured by suretyship and partly not secured has never been decided by this court, it has been discussed by the French writers and been decided by the Court of Cassation, and the conclusion reached, that the imputation must be made to the unsecured part of the debt, citing Pandectes Francaises, Obligations, No. 3479; Troplong, Du Cautionnemont, No. 247; and Laurent, vol. 17, No. 619, p. 603.
The plaintiff here deals with this case as if the People’s Bank had been applied to by Fenwick Sanitarium for the loan of a sum of money equal in amount to the aggregate of these notes, and had made it a condition of the loan that sureties should "be furnished for a part of the debt, and that this had been done; whereas, the fact of the matter is that the suretyship on each one of the notes is a separate and independent contract having no legal connection whatever with the other" notes. The notes were executed as independent pieces of commercial paper, and as such were sold to the People’s Bank. On the appeal from the judgment under which the mortgaged property was sold, point was sought to be made against the People’s Bank that the transaction by which it acquired the notes had been a loan, and not a sale; but the bank contended, and established ’by the testimony of its president and that of the president of Fenwick Sanitarium, that the transaction had been a sale, and not a loan, and obtained judgment to that effect. Therefore the bank acquired the notes whereof the interest is involved in this suit for just what they were — pieces of commercial paper secured by mortgage and indorsed by a number of persons; each note standing, in so far as the indorsers were concerned, as an independent contract. The attempt now made by plaintiff to connect these indorsers legally with the other notes of the same series is absolutely without foundation in the facts of the case.
[1, 2] The ease as to each of the defendants is that of an indorser of a note secured by mortgage. Now, the indorser of a note secured by mortgage has the absolute legal right to have the proceeds of the mortgaged property attributed to the payment of the note. His rights in that respect are exactly those of the holder of the note; for his promise to pay the note is conditioned upon the note being transferred to him, and upon its being so transferred not shorn of its securities, but accompanied by all of them. If the holder impair these securities, he, to that extent, loses his recourse against the indorser. Seixas v. Gonsoulin, 40 La. Ann. 351, 4 South. 453; Millaudon v. Colla, 15 La. 213; Toler v. Cushman, 12 La. Ann. 733; Torregano v. Segura’s Syndic, 2 Mart. (N. S.) 161; Durac v. Ferrari, 25 La. Ann. 80; C. C. 3052, 3053, 2161; 7 Cyc. 1046; McGuire v. Woolridge, 6 Rob. 47. Mortgage notes of a series stand all upon the same footing; each has the same right to participate in the proceeds of the sale of the mortgaged property. Pepper v. Dunlap, 16 La. 163; Morris v. Womble, 30 La. Ann. 1314; Union Bank v. Smith, 10 Rob. 49; Adams v. Lear, 3 La. Ann. 145; Perot v. Levasseur, 21 La. Ann. 529; Reine v. Jack, 31 La. Ann. 859. These notes indorsed by *472 the defendants had therefore the absolute right to participate, pro rata in the proceeds of the sale of the said mortgaged property. The learned counsel for defendants say, in their brief, that the Circuit Court of the United States for this district has decided a case in that sense, and they give what they say is an extract from said decision; but they do not give the title of the case in which said decision was made nor any reference to where it is to be found. We mention this for whatever it may be worth. From all of the foregoing, it follows that, at all events, and apart from all question of imputation of payments, the plaintiff could not possibly recover from these indorsers anything more than the balance remaining due on said notes after the pro rata share of said notes in the distribution of the proceeds of said sale had been duly credited.
While it is perfectly true, as contended by plaintiff, that these indorsers promised to pay in case Fenwick Sanitarium did not pay, it is equally true that they so promised on the condition that, if they did pay, they should be subrogated to all the rights of the holder of the indorsed notes, including, of course, among these rights the mortgage which secured the payment of the notes. And while it is true that the indorsements on each note was taken as an additional security, it is equally true that this additional security was to apply only to the particular note indorsed thus additionally secured and not to the other notes of the same series not indorsed, and not thus additionally secured. The practical effect of plaintiff’s contention would be to make them apply to these other notes. In fact, plaintiff’s argument is that they stand ■as security for the whole debt.
The argument of plaintiff that Fenwick Sanitarium has not paid this debt, and that therefore the indorsers must, under their contract, pay it, is but a begging of the question. The question is: Has Fenwick Sanitarium paid this interest now being sued for?
[3] Plaintiff contends that Fenwick Sanitarium has not paid this interest. Defendant contends that it has.
The text of the Code, hereinabove quoted, is plain:
“Every payment 'which does not extinguish both the principal and the interest must be imputed first to the payment óf the interest.”
[4] Perhaps the exception made to that rule by the hereinabove mentioned French authorities cited by plaintiff, where security is given for a portion of a debt, is dictated by principle and well founded; but, if so, it is inapplicable to the facts of this ease. The debt in this case was not single; but there were as many debts as there were notes. On the point of these notes being, or not, separate debts, we do not think there can be any serious question. In the first place, they were bought by the People’s Bank as so many pieces of commercial paper. In the next place, the several notes of a series are separate debts. If they were not, the debtor could not oblige the creditor to receive payment of them separately. C. C. art. 2153. The holder of one of them could not compel the debtor to pay it separately from all the others. Le Blanc v. Parish, 10 Rob. 25; Miller v. Brigot, 8 La. 533; King v. Havard, 5 Mart. (N. S.) 193. See, especially, Green v. Boudurant, 7 Mart. (N. S.) 229. The holder of all them could not sue upon one of them separately, without thereby extinguishing the debt upon the others. C. P. art. 156. That such notes are separate debts has been expressly decided. Townsend v. Payne 42 La. Ann. 909, 8 South. 626; In re Dimmick’s Estate, 111 La. 655, 35 South. 801. This is true even if some of the notes have been given for the interest to accrue on the principal. Bringier v. Gordon, 14 La. Ann. 274. If all the notes constituted but one debt, the inter *474 ruption of prescription on one of them would interrupt prescription on all. Indeed, by ew ery known test by which we may seek to determine whether a debt be one or the aggregate of several, we find that the several notes of a series constitute as many separate debts.
We conclude that the debt sued on has been paid as the result of imputation of payment.
Judgment affirmed, at plaintiff’s cost.