LAND, J.
Babington Bros., Limited, executed a special mortgage in favor of Robert Babington, Limited, for $10,000, represented by two notes of $5,000 each, payable April 22, 1912, and April 22, 1913.
Robert Babington, Limited, was subsequently adjudicated a bankrupt, and among the assets of the estate taken over by his trustee was the first maturing note. The second maturing note was, prior to its maturity, acquired by the Union Bank, which is now in liquidation.
The trustee foreclosed the mortgage, and the property was sold for the price of $2,-001.
The trustee proposed to distribute the proceeds of the sale in the hands of the sheriff, in the following manner:
First. Payment of all court costs.
Second. Payment of 10 per cent, on the amount sued for, or $500, to the trustee as attorney fees.
Third. An equal division of the remainder of the proceeds of sale between the holders of the two notes.
The Union Bank in liquidation opposed this proposed distribution, and contended that after the payment of all court costs, the remainder of the proceeds of sale should be equally divided between the holders of the two mortgage notes.
From a judgment in favor of the trustee, the Union Bank has appealed.
The stipulation in the act of mortgage as to attorney fees reads as follows:
“In case it becomes necessary to resort to legal proceedings for the recovery of said notes *730 or any part thereof, they, the said Babington Bros., Limited, bind and obligate themselves, their executors or assigns, to pay the fees of the attorney who may be employed for that purpose, which are hereby fixed at 10 per cent, on the amount sued for.”-
As the attorney for the trustee foreclosed the mortgage, the stipulated fee became ex-igible, and the obligation to pay the same was secured by the same mortgage as the principal and interest of the note.
But the holder of the other note secured by the same mortgage stands upon an equality .with the holder of the first note, and they partake concurrently. Perot v. Lavasseur, 21 La. Ann. 529; Laplace v. Laplace, 43 La. Ann. 287, 8 South. 914. It follows that each note calls for one-half of the proceeds of the sale, less costs.
Before the trustee can trench on the Union Bank’s half of the net proceeds of the sale, he must show some privilege on such proceeds superior to the concurrent mortgage of the bank.
This court has held that the usual stipulation for attorney fees in an act of mortgage is a stipulation for liquidated damages, recoverable in an action on the note by the holder thereof without any proof that they were incurred. First Nat. Bank v. Mayer, 129 La. 981, 57 South. 308.
See, also, Renshaw v. Richards, 30 La. Ann. 400, holding that the stipulation for attorney fees bound the mortgagor to the note holder, without any reference to any contract the holder might make with his attorney, or to the amount which might actually be paid to the attorney. Thus viewed, the stipulated attorney fee is nothing more than a part of the debt secured by the mortgage.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the proceeds of the sale in the hands of the sheriff be distributed as follows:
(1) All costs of foreclosure suit and sale to be first paid, including costs of this proceeding below.
(2) Remainder to be paid, one half to E. Pilsbury, trustee of Robert Babington, Limited, and the other half to the Union Bank in liquidation; and it is further ordered that the costs of this appeal be paid by the appellee.
O’NIELL, J., concurs in the decree.