No. 438

First Circuit

DORE v. LEJEUNE ET AL.

(June 28, 1929. Opinion and Decree.)

Dennis T. Canan, Jr., of Crowley, attorney for plaintiff, appellant.

Chappuis and Chappuis, of Crowley, attorneys for defendant, appellee.

LECHE, J. A motion to dismiss this appeal on the ground that appellant had acquiesced in the judgment of the district court was filed herein. Thereupon this court ordered the case to be remanded for the purpose of taking evidence as to whether there had been such acquiescence. Dore vs. Lejeune et al., 10 La. App. 687, 122 So. 153.

The appeal was taken by Dore from a judgment awarding his claim in full against Lejeune, but only in part as to M. Pousson,

Jr., the other defendant. Lejeune did not oppose plaintiff's demand, but Pousson acknowledged that he owed part of plaintiff's demand and he represented that he had made a tender to Dore of the amount which he acknowledges to owe. Dore refused to accept the tender, and Pousson deposited the amount of the tender in a local bank, subject to the orders of Dore and accordingly notified Dore.

The case was tried in the district court and the trial judge held that Pousson only owed the amount of the tender and discharged him from any further liability on the claim.

Dore appealed from this judgment and the motion to dismiss is based on the ground that Dore has since accepted the amount deposited in the bank by Pousson and has thereby acquiesced in the judgment.

After the order of remand had been issued, Dore appeared by motion in this court, acknowledged that he withdrew from the bank, the amount therein deposited to his credit by Pousson, but denies that his action was an acquiescence in the judgment submitted for review on this appeal, and he further prays that the case be proceeded with and decided on its merits.

In the absence of a specific declaration or admission on the part of Dore, that he accepted and took the amount deposited by Pousson in the bank, in full satisfaction of his claim against Pousson, we do not believe that Dore's action can be construed as an acquiescence. It is our understanding of the law, that where a debtor tenders only a portion of the amount claimed as due by his creditor, acceptance of the tender, in the absence of a specific agreement that it is accepted in full payment, does not entirely discharge the debt-

or. The plea in support of appellee's motion is in reality that of estoppel and that plea must be founded on equity. A wholesale merchant notifies his customer, a retail merchant, that the latter owes him one thousand dollars. The retail merchant writes to the wholesaler and encloses five hundred dollars in the letter and says, "I am sending you this amount in full payment." The wholesaler writes back that he has accepted the five hundred dollars, but only as part payment. He refuses to give the retailer a full discharge. It seems to us that it would be unconscionable to hold that the only alternative of the wholesaler, would be to return the five hundred dollars to the retail merchant, in order to preserve the entirety of his claim against the retail merchant.

This whole subject was thoroughly argued and received full consideration by this court in the cases that were submitted some years ago in New Iberia. We held as we do here, that acceptance of part of a debt, does not, in the absence of a specific agreement and admission that it is received in full payment, discharge the debt in its entirety. The New Iberia cases arose in connection with the purchase of sugar cane by central factories from cane planters. The factories sent out checks to the cane planters and marked them as given in full payment. The planters took the checks but refused to acknowledge or admit that they were accepted in full payment and the plea of estoppel was overruled. These decisions although not reported, were not reversed by the Supreme Court, because writs of review were refused by that court.

The motion to dismiss the appeal is therefore overruled.

On the merits we believe that the judgment of the district court is absolutely correct.

Dore agreed to advance to Lejeune, eight hundred dollars in order to plant and grow various crops on the latter's farm. M. Pousson, Jr., endorsed the note as surety. Lejeune drew more than eleven hundred dollars from Dore, and in accordance with the agreement, delivered all of his crops to Dore. Dore sold the crops but only realized some five or six hundred dollars from the sale of the same. Dore therefore advanced to Lejeune about three hundred dollars in excess of the amount stipulated in the agreement and in excess of the amount of the note endorsed by Pousson, and now he proposes to apply the proceeds of Lejeune's crop to first pay the excess of his advances, about three hundred dollars, and to only impute the balance amounting to three hundred and thirteen dollars, towards the payment of the note. To this, of course, Pousson strenuously objects. Dore justifies himself in thus imputing the proceeds of Lejeune's crops, on the ground that the surplus advances were made to pay for labor and certain supplies which by law were secured by a privilege outranking that securing the eight hundred dollar note, and that these advances enured to the benefit of Pousson as well as of himself.

We do not believe that the question of rank of privileges should be considered in the decision of the dispute between Dore and Pousson. The contract between the surety and the creditor is consensual; Gray vs. Blanchard, 32 La. Ann. 501, and the fiduciary relations between them require morally and legally that the creditor do nothing to impair the rights of the surety as against the debtor. The creditor must absolutely protect the right of subrogation with which the law invests the surety who has to pay the debt. Dore did not ask the consent of Pousson when he advanced above the amount which all par-

ties had, under the agreement, limited to the sum of eight hundred dollars. It would follow from the proposed action of Dore, that if Pousson pays as surety, the balance which Dore claims from Lejeune, that Dore could only subrogate Pousson to part of the proceeds of the crop and not to the entirety of these proceeds to which he is entitled as surety under the law. Again as said by the late Chief Justice Provosty in the case of Interstate Trust & Banking Company vs. Young, 135 La. 471, 65 So. 611, plaintiff's contention in effect is that Pousson is surety for over eleven hundred dollars instead of eight hundred dollars.

The judgment of the district court is therefore affirmed.