LOTTINGER, Judge.
This is a suit on a promissory note against the maker, Leon Kyer, Jr., and his accommodation maker, Philip Holmes. Judgment was rendered, in the lower court, against both defendants. The accommodation maker, Holmes, has taken this appeal.
The facts of this case, which are not in dispute, are as follows: Leon Kyer, Jr., desired to secure a loan from the Thrifty Finance Service, Inc., but the company required more security than a chattel mortgage on his truck. Philip Holmes, therefore, signed the note as accommodation maker. The note was paraphed to identify it with the chattel mortgage bn Kyer’s truck. Holmes was not a party to the chattel mortgage. The note and chattel mortgage were dated March 11, 1948. Installment payments were regularly made by Kyer until September 1, 1948, at which time Kyer made an advance payment on the note and got the finance company to release the truck from the chattel mortgage. Kyer then traded in the truck on a new car. Defendant Holmes claims that the truck, at the time of its release from the chattel mortgage, had a value in excess of the balance due on the note, which fact was agreed upon by petitioner. Subsequently, the petitioner, United Loan Corporation purchased the assets of Thrifty Finance Service, at which time three of the installments on the note were in arrears, making the note, on account of the acceleration clause contained thereon and in the act of chattel mortgage, past due or matured regardless of the fact that the note had not fully matured on its face, thus giving to the plaintiff no greater rights than Thrifty Finance Service had at that time. The note was not paid, and petitioner seeks to hold Kyer and Holmes jointly liable. From an adverse judgment, defendant Holmes has appealed.
Defendant Holmes denies liability on the basis that he was discharged from liability *892 on the note by the release of the mortgaged property. It is agreed that Holmes had no knowledge of the release. The lower court held that such release would not discharge an accommodation maker, basing its decision on Bank of Baton Rouge v. Hendrix, 194 La. 478, 193 So. 713, and Continental Bank & Trust Co. v. Bouterie, La.App., 169 So. 812, 814. We believe that the Bank of Baton Rouge case has no bearing here except insofar as it touches upon the proposition that an accommodation maker on a note is primarily liable on the note to the same extent as is the mpker who receives value. Other than that, the only question in the case was relative to calls in warranty and such a question is not present here.
In the case, Continental Bank & Trust Co. v. Bouterie, the court also held an accommodation maker primarily liable for payment of the note. This case further dealt with the question of the failure of the holder of the note to enforce a chattel mortgage on an automobile which had been sold by the mortgagor and maker of the note. The court held that failure of the holder to foreclose on the mortgage, and to seize the car, would not discharge an accommodation maker. The court said: “As makers, if they felt that the failure of the holder to enforce the mortgage on the car was jeopardizing their interests, they had the right to pay the note and become subrogated, to the security.”
We believe the situation to be entirely different in the present case. Thrifty Finance Service, Inc., released the mortgage by letter, unknown to the defendant. That such action jeopardized the position of defendant is without doubt. Defendant’s right of subrogation was destroyed by the action of Thrifty Finance Service, who, as holder of the note, unquestionably had the right to release the mortgage. However, such release dismissed the defendant from liability under the note.
The situation here is similar to that in Wyatt v. Buckley, La.App., 174 So. 387, wherein Justice Hamiter wrote the opinion while Judge of the Second Circuit Court of Appeal. In that case, Corbett was an accommodation endorser on a note executed by Buckley and made payable to petitioner. The note was secured by a chattel mortgage on pool room equipment. It was shown that practically all the mortgaged property had been released from the mortgage prior to suit and without the consent of Corbett. The court, in citing Interstate Trust & Banking Co. v. Young, 135 La. 465, 65 So. 611, 613, said:
“The case as to each of the defendants is that of an indorser of a note secured by mortgage. Now, the indorser of a note secured by mortgage has the absolute legal right to have the proceeds of the mortgaged property attributed to the payment of the note. His rights in that respect are exactly those of the holder of the note, for his promise to pay the note is conditioned upon the note being transferred to him, and upon its being so transferred not shorn of its securities, but accompanied by all of them. If the holder impair these securities, he, to that extent, loses his recourse against the indorser. * * *
“While it is perfectly true, as contended by plaintiff, that these indorsers promised to pay in case Fenwick Sanitarium did not pay, it is equally true that they so promised on the condition that, if they did pay, they should be subrogated to all the rights of the holder of the indorsed notes, including, of course, among these rights the mortgage which secured the payment of the notes.” See also: Harris v. Hetherwick, La.App., 17 So.2d 729.
We believe that the same situation prevailed here. While defendant Holmes was an accommodation maker on the note secured by chattel mortgage, we believe that his signature thereto was conditioned upon the accompanying chattel mortgage. Had he paid the indebtedness, he would then have become subrogated to all the rights arising under the note and chattel mortgage. It was agreed that, at the time of release of the mortgaged property, the value thereof was sufficient to discharge the balance due on the note. By discharging the chattel mortgage, without knowledge of *893 the accommodation maker, the holder of the note discharged the obligations of the accommodation maker under the note.
For the foregoing reasons the Judgment of the lower court is amended so as to exclude therefrom the defendant, Philip H. Holmes, and, as so amended, is affirmed at plaintiff’s cost.
Judgment amended and affirmed.