LOTTINGER, Judge.
This is a suit on a promissory note by House of Loans, Inc., against Matassa Motor Company, Inc. and Joseph Matassa, Sr. The Lower Court awarded judgment in favor of defendants, dismissing petitioner’s suit. Petitioner has taken a devolutive appeal.
The record discloses that on March 16, 1956, Henry Washington executed a promissory note payable to the order of Bearer in the original amount of $1,028.52, said note being payable in eighteen successive monthly installments of $57.14 each. The said note was secured by a Chattel Mortgage on a 1952 Dodge truck which had been sold to Washington by Matassa Motor Company. The said note was also signed by Joseph Matassa, Sr., individually, and for and on behalf of Matassa Motor Company, their signatures being affixed to the face of the note.
The said note contained the usual acceleration clause, waiver of demand for payment, and made the parties thereto liable in solido. Washington became delinquent in his payments under the said note.
On August 22, 1956, Joseph Matassa, Sr., went to the office of petitioner in Baton Rouge and gave petitioner a check in the amount of $776 which was accepted in payment of the full principal of said note less discount. He was advised by the agents of petitioner that they would mail the note to him. It appears that he requested that they not mark the note “Paid.” Through error the note was marked “Paid” and mailed to Mr. Matassa. Upon receipt of the note he stopped payment on his check.
Subsequently on September 11, 1956, the petitioner filed suit against Henry Washington in the Parish of Ascension for the principal amount of $857.10, plus interest, attorney fees and court costs. Judgment was rendered in favor of petitioner and against Washington in the amount of its demand, and the Chattel Mortgage was recognized in the said judgment, said judgment being rendered on October 18, 1956.
On December 5, 1956, petitioner received a court order allowing him to secure the note from the record of its suit against Washington so it could file suit against the other parties, the defendants herein. The present suit was filed on December 5, 1956. In both suits there is an allegation that the note was marked “Paid” through error, and that same is actually and truly unpaid. In the present suit petitioner seeks judgment in the same amount for which Henry Washington has been cast, subject to a credit for any amount paid or received in payment of the said judgment against Henry Washington.
In the suit against Henry Washington, a Writ or Fieri Facias was issued on February 27, 1957 and the truck was seized and sold on March 30, 1957. The truck was sold for $50, being two-thirds of its appraised value of $75, and the sum of $25.95 was credited against court cost, and the sum of $24.05 was paid to petitioner to be applied on its judgment.
Some four months after the present suit was filed, the defendants filed an answer in which they alleged negligence upon petitioner in marking the note “Paid” and in failing to have the truck seized and sold sooner. They alleged that petitioner failed to preserve the security which it held by virtue of the Chattel Mortgage and ask that the suit be dismissed.
In its brief before this court the defendants further contend that marking the note “Paid” was such negligence as would discharge the surety from liability as, by the note being so defaced, they were not able to resort to executory process.
The record discloses, without doubt, that both of the defendants were accommodation parties to the note which is herein sued *212 upon. LSA-Revised Statutes of 1950, Title 7, Section 29 provides as follows:
“An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.”
Under the quoted section we don’t see where it matters whether the defendants were accommodation makers, as contended by petitioner, or accommodation in-dorsers as contended by defendants. They did, however, sign the note on the face thereof. Be that as it may, both of the defendants herein are accommodation parties to the note and they are liable thereon to a holder for value. Such liability is in solido, according to the terms of the note itself. There is no question but that petitioner was a holder for value and before maturity.
The Articles of the LSA-Civil Code relative to debtors in solido, Articles 2091 et seq. provide that the creditor may apply against any of the co-debtors in solido, without the debtors’ having a right to plead the benefit of division. Article 2094. The suit might.be brought against either of the co-debtors in solido, and Article 2095 provides that a suit against one does not bar the creditor from bringing suits on the same account against the others.
There is, therefore, no question but that the petitioner was within its rights under the note in bringing this suit against defendants, even though suit on the same account had already been brought against the principal debtor, Henry Washington. All three of the signers of the note are liable to petitioner for the whole debt. However, as among the signers, Henry Washington is considered the principal, and the defendants herein are considered sureties. LSA-Civil Code, Article 2106.
Article 3061 of the LSA-Civil Code provides that:
“The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.”
Defendants contend that the two acts on the part of petitioner are such as would discharge their obligation under the note. The first act complained of was the erroneous marking of the note “Paid”; the second act was the lapse of time between the judgment against Washington and the Sheriff’s Sale of the car.
In answer to the first claim by defendants, LSA-R.S. 7:123 provides as follows:
“A cancellation made unintentionally, or under a mistake, or without the authority of the holder, is inoperative; but where an instrument or any signature thereon appears to have been can-celled the burden of proof lies on the party who alleges that the cancellation was made unintentionally, or under a mistake, or without authority.”
There certainly was no problem to showing that the note in question was marked “Paid” through error. Such was proved by petitioner in the present suit as well as in the suit against Henry Washington. If the cancellation of the note is inoperative, it follows that it is the same as though no cancellation whatsoever had been made, and such would not discharge the surety, or accommodation party, on the note.
As to the delay, between the rendition of judgment against Washington and the issuance of the writ of fi. fa. on the truck, the record discloses that a period of four months elapsed. It does not appear that his short delay was of such nature as to discharge the sureties on the note under the provisions of LSA-Civil Code, Article 3061.
In Continental Bank & Trust Co. v. Bouterie, La.App., 169 So. 812, the court *213 considered the question of the refusal of the payee on a note to foreclose upon the chattel mortgage securing the note. The defendants who were merely accommodation parties to the note raised the question in defense to a suit against them by the payee. The court, in that case, held that the defendants, as accommodation makers or indorsers, are liable to the holder in the same manner as the principal debtor, and they could not plead, as against the holder, any other defense than the principal debtor could have pleaded had he been a party to the suit. The accommodation maker or indorser is primarily liable under the note.
It is true that in United Loan Corp. v. Kyer, La.App., 54 So.2d 891, this court held that the accommodation maker was discharged when the payee on the note, unknown to the accommodation maker, released the mortgage. In that case, we distinguished the facts from those of the Continental Bank. In the United Loan Case, the position of the accommodation maker was jeopardized by release of the security. In the Continental Bank case the security was not released, and the mere failure of the payee to enforce his mortgage would not jeopardize the accommodation party to the extent of relieving him from his obligations under the note.
It certainly follows that a delay of four months before enforcing the mortgage would not be such an act on the part of payee as to discharge the accommodation party. The defendants could, at any time, pay the note and become legally subrogat-ed to the rights of petitioner. LSA-Civil Code, Art. 2161, subd. 3. As accommodation parties to the note and being liable in solido therein, if they felt that the failure or neglect of the holder to enforce the mortgage on the car was jeopardizing their interest, they had the right to pay the note and become subrogated to the security.
For the reasons assigned, the judgment of the Lower Court will be reversed, and there will be judgment for petitioner and against defendants in solido in the principal amount of $857.10, with interest thereon at 8% per annum from July 31, 1956, until paid, plus 25% of the principal and interest as attorney fees, less a credit for any amount paid or received upon the judgment against Henry Washington rendered October 18, 1956, in Suit Number 8401, 23rd Judicial District Court, Parish of Ascension, Louisiana. All costs are to be paid by defendants.
Judgment reversed.