DUFRESNE, Judge.
This is a suit for deficiency judgment against an accommodation maker of a promissory note. The case is before us on appeal from a judgment in the trial court granting the Loubat Glassware & Cork Co., Ltd. (plaintiff) a deficiency judgment on a promissory note against Lionel E. Flotte, Jr. (defendant).
Most of the essential facts are undisputed. On June 2, 1975, Pier Orleans, Inc., negotiated to purchase kitchen and restaurant equipment from the plaintiff in the amount of $102,039.26, less a down payment of $25,000.00 plus precomputed interest over a sixty month period. This purchase was to be perfected by way of a credit sale evidenced by a promissory note and secured through a chattel mortgage. The note was payable in monthly installments of $1,829.68 commencing August 15, 1975.
The deal was structured as follows:
Equipment Invoice $75,789.26
Miscellaneous Invoice 26.250.00
102,039.26
Less Down Payment 25.000.00
77,039.26
Credit Service Charge for 60 months 32.741.68
Total: $109,780.94
The promissory note and chattel mortgage were executed by the corporation Pier Orleans, also signing the note individually were Lionel E. Flotte, Jr. and Thomas G. Blankenship. Both Flotte and Blankenship were minority shareholders in Pier Orleans, Inc. The promissory note was discounted to Walter E. Heller & Co. of Louisiana, Inc., and thirty-six payments were made by Pier Orleans, Inc. on said note through August 1978, totaling $65,868.48.
In August, 1978, the lessor of the premises in which Pier Orleans was operating filed a suit of eviction and cancellation of its lease with Pier Orleans, Inc., along with a seizure of all of the equipment in said premises. After this suit was filed, the restaurant being operated on the premises was closed, and subsequently, Pier Orleans, Inc. made no further payments to Walter E. Heller & Company.
On September 28, 1979, the note was transferred from Walter E. Heller back to the plaintiff for the sum of $43,912.46. Plaintiff intervened in the lessor’s suit claiming that its chattel mortgage primed the lessor’s lien. Shortly thereafter, Pier Orleans, Inc. went into bankruptcy and all proceedings regarding the equipment and the lawsuit filed by the lessor were stayed.
The trustee in bankruptcy disclaimed the equipment from the Pier Orleans proceedings, and on August 13, 1979, the plaintiff *1319 filed a petition for executory process to seize and sell the equipment which could be identified with the chattel mortgage.
The defendant (Flotte) was made a party to this action and the equipment was adjudicated to the plaintiff on October 24, 1979, at a public auction.
Thereafter, on December 5, 1979, plaintiff brought this action against the defendant (Flotte) — the defendant (Blankenship) was released because of failure to obtain service of process — for a deficiency judgment on the promissory note. On July 28, 1981, the trial court rendered judgment in favor of the plaintiff and against the defendant in the amount of $33,661.38, plus legal interest from November 5, 1979, until paid and taxed all costs against the defendant. From this judgment the defendant has appealed.
The defendant has raised the following specification of errors:
1. The trial court erred in failing to give defendant Flotte, an accommodation maker on a secured note, credit (or a partial release) when the undisputed evidence is that a portion of the goods, the credit sale of which was secured by the note, was simply not sold to the purchaser or were sold and then immediately returned to the seller.
2. The trial court erred in failing to give defendant accommodation maker a credit (or a partial release) when the un-contradicted evidence is that $5,801.93 of the goods which were to have been sold under the “Equipment Invoice” in fact were not sold or were sold but then immediately returned to the seller.
3. The trial court erred in failing to give the defendant accommodation maker credit (or a partial release) when the undisputed evidence was that some of the goods to be covered by the Chattel Mortgage (two stoves) were swapped out for two other stoves of a different description, and those new stoves were not covered by the chattel mortgage, resulting in a reduction or impairment of the collateral under the chattel mortgage available to secure payment of the note.
4. The trial court erred in admitting into evidence “ledger sheets” as evidence that the “small miscellaneous items” were sold when absolutely no foundation was laid for the introduction of those sheets, when no witness testified as to how the sheets were kept, as to how to read the sheets, to explain various errors, corrections and markings on the sheets and when the only person who was called to identify those sheets was an employee of the seller who was not even employed by the seller at the time that the sheets were created or the transactions were made, and there was no explanation given as to why a more competent witness was not called.
5. The trial court erred in not reducing the principal amount of the debt by the entire amount of the “miscellaneous invoice” when the only “evidence” introduced as to sale of those items was the “ledger sheets” which were improperly introduced.
6. The trial court erred in not granting to the defendant accommodation maker a credit (or partial release) with regard to the “small miscellaneous items” when, even on the face of the purported “ledger sheets” which were the only supposed evidence, the amount of goods claimed by plaintiff (and for which the trial court gave judgment) simply were not sold.
7. The trial court erred in totally failing to consider the law and evidence applicable to the right of an accommodation maker to a pro tanto release of liability when the creditor has by its act or omission caused or allowed an impairment of the collateral securing the note upon which the defendant was an accommodation maker.
8. The trial court erred in not holding that plaintiff had waived its right to a deficiency judgment, when goods covered by the chattel mortgage were sold at sheriff’s sale (to plaintiff) without being included in the appraisal.
Considering the assignment of errors we have crystallized specifications one, two, *1320 three and seven into a single discussion with respect to the resolution of this appeal.
The basic argument of the defendant is that as an accommodation maker he is only responsible to the extent that consideration which was called for in the act of sale was actually given. If some of the goods were not sold or if they were sold and then returned to the plaintiff, the plaintiff should be estopped from the collection against the defendant on that portion of the note which was given in contemplation of those goods being sold.
Thus, to the extent plaintiff did not sell the goods called for, it cannot recover from a person who guaranteed payment of the sale price. The defendant argues that the plaintiff simply did not sell $102,039.26 worth of goods to Pier Orleans, Inc. in the subject transaction and submits that the plaintiff did not bear its burden of proving anything near the disputed amount.
The total of the goods to be sold was divided into two categories as is set forth in the plaintiff’s invoice which forms part of the sale and chattel mortgage documents. The invoice sets forth the goods as follows:
Equipment Invoice $75,789.26 (large items including 5% tax)
Miscellaneous Invoice 26,250.00 (small Mise, items including 5% tax) _
Total: $102,039.26
The defendant contends by either not delivering goods which were agreed to be sold or by accepting return of those goods, the plaintiff effectively reduced or impaired the security of the chattel mortgage. We disagree.
The exhibits introduced by the plaintiff in the trial along with the testimony of the comptroller show that over $77,000.00 worth of heavy, identifiable equipment was delivered to Pier Orleans, Inc.
The transaction and the accompanying documents included $25,000.00 in miscellaneous equipment which would include items not readily identifiable, that is, lacking serial numbers, etc. for proper identification, and the transaction required that Pier Orleans, Inc. pay $25,000.00 to the plaintiff to cover these miscellaneous items.
As testified to and shown in the exhibits filed in the record, two accounts were set up on ledger cards for Pier Orleans, Inc., one being the promissory note account and the other being a credit balance for the $25,000.00 in miscellaneous items covered by the down payment received by the plaintiff.
The heavy equipment items were delivered except for a few items which were returned or which were determined by Pier Orleans not to be needed in the operation of their restaurant business. Those returned or credited items which form a part of the identifiable equipment list are small as compared to the total amount contained on the list. The remaining portion of the $109,000.00 included in the promissory note was interest charged for the sixty months for which the note was drawn.
The defendant has argued because of the items returned and credited that he should be released from this note.
In the case before this court, it has not been shown that the defendant was impaired in any manner in protecting himself against a holder who is suing him on the original note. The facts show that the defendant was aware throughout these proceedings, that executory process had been instituted, that a judicial sale was taking place and in fact the defendant attended said judicial sale and did not take any action whatsoever to secure his position. In light of this, the United Loan Corporation v. Kyer, 54 So.2d 891 (La.App. 1st Cir.1951), cannot be applied here.
The real reason for the amount of the deficiency judgment is not in the credit and returned items, but in the depreciation of the equipment, and the costs and attorney fees applicable to default on this note.
Furthermore, the evidence indicates that all credits for returned merchandise were reflected on the open account ledger, proving that Pier Orleans, Inc. did receive credit for these items.
This court is not convinced that the defendant was adversely affected and denied *1321 an opportunity to protect himself as an accommodation maker.
Specification of errors four, five, and six will be handled together as there exists a relationship between them. The defendant argues through these errors that the plaintiff is attempting to collect money from him on an “open account” by not introducing competent evidence. We disagree.
The record reflects that the account ledger sheet which refers to the small miscellaneous items was handled as an open account and contains the $25,000.00 down payment from defendant to plaintiff aside from payments made by plaintiff back to the defendant to close out said account. The original petition for executory process and the petition for deficiency judgment only involved the promissory note and the note ledger card which indicate the payments made by the defendant. The open account ledger card merely explained how the $25,000.00 down payment and $25,000.00 worth of miscellaneous items were handled between the plaintiff and the defendant.
As can be readily seen in the exhibits filed by plaintiff, the $25,000.00 down payment was set up on a ledger card as a credit balance and that as the defendant purchased the small items the account was debited.
Furthermore, this court recognizes that this was a suit on a promissory note and was not one on an open account. The jurisprudence in Louisiana is clear, that a plaintiff that has possession of a note and alleges the unpaid balance on the note does not have the burden to prove the balance due, rather the burden is on the maker to plead and prove the defense of payment. Preferred Investment Corporation v. Denson, 251 So.2d 455 (La.App. 1st Cir.1971) and American National Bank of Cheyenne Wyoming v. Gamble, 324 So.2d 16 (La.App. 2nd Cir.1975).
Therefore, the trial court was not in error when it allowed the introduction of this evidence as a means of explaining this complex transaction.
With respect to the eighth specification, we find no error. The defendant argues that the plaintiff should be denied a right to a deficiency judgment because the plaintiff purchased goods in a sheriff’s sale without it being included in the appraisal.
The small miscellaneous items (for example, forks, knives and spoons) could not be. identified with the chattel mortgage and consequently the sheriff could not seize these items and include them in his inventory. As a result, they were not included in the appraisal and were not included in the sheriff’s sale to the plaintiff.
We conclude that the law is clear, that the burden is on the defendant to prove his defenses to a suit on a promissory note. Here the defendant has failed to carry this burden.
Finally, after a careful review of the record, we find an error in the computation of the amount of the deficiency owed by the defendant. The lower court erred in its calculation of the credit to be applied from the proceeds of the sheriff’s sale. Accordingly, the judgment should be reduced by $1,393.30.
The judgment of the trial court is amended and it is now ordered that there be judgment in favor of the plaintiff and against the defendant, Lionel E. Flotte, Jr. in the amount of $32,268.08 plus legal interest from November 5, 1979 until paid.
In all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.