## No. 7058.

### HENRY RENSHAW vs. A. KEENE RICHARDS.

In order to recover from the maker of a promissory note it is not necessary to make a demand at the place of payment designated in the note.

The evidence is sufficient to authorize an order of seizure and sale, when the act of mortgage, note, and protest, are authentic in form.

The clause in an act of mortgage fixing the fees of the creditor's attorney at five per cent, in the event of the non-payment of the debt at its maturity, makes the debtor, on the happening of that event, absolutely liable for that amount; and this liability can not be affected by the fact that the creditor has not really paid, or obligated himself to pay that amount of attorney's fees.

When a creditor, who proceeds by executory process, states in the charging part of his petition that he has received a certain sum, in part payment of his debt, but in the prayer of his petition sets forth that he has received a less sum, the statement in the charging part of the petition will govern the prayer, and the order of seizure and sale, and entitle the debt to credit for the larger sum.

Damages may be allowed for a frivolous appeal.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough, J.*

*Chas. M. Pilcher* for plaintiff and appellee.

*J. N. Montgomery* for defendant.

The opinion of the court was delivered by

MARR, J. This is an appeal from an order of seizure and sale. Appellant assigns for error:

First—That there was no authentic evidence before the judge in granting the order; that the act of mortgage does not show how much fees for attorney's services were "incurred and paid" by the plaintiff in suing out executory process; and although the act of mortgage says such fees shall be fixed at five per cent, still there is nothing to show that such sum was either incurred or paid.

Second—That the order of the judge directs the writ to issue for six dollars costs of protest, while the payment of such sum is indorsed on the notes filed.

Appellant also urges, in his printed brief, that after the notes had been protested payment was extended on both to first December, 1876; and that demand was not then made at the place of payment designated.

There were two notes, both dated sixth of January, 1873, one payable on the twenty-fifth of January, 1874, the other on the fourth of February, 1874, secured by mortgage of same date, with which they are perfectly identified.

On the thirtieth of December, 1873, before the maturity of either, the payment was extended on the one to twenty-fifth January, 1875, and on the other to fourth February, 1875. They were not paid at those dates, and were protested, after presentation and demand at the bank in New Orleans at which they were payable. Subsequently, Richards paid on account of the first note, interest and costs of protest, $1000, credited on the face of the note; and payment was extended to first December, 1876; and on the other note he paid $428 on account of interest and costs of protest.

It is well settled that it is not necessary to make demand at the place of payment designated in a note in order to recover of the maker. Ripka vs. Pope, 5 An. 61; Posey vs. Bank of Louisiana, 5 An. 188; McCalop vs. Fluker, 12 An. 551. In this case, however, at the maturity as fixed by the first extension, demand was made at the place of payment, and there were no funds provided. The new extension was a matter of grace and favor to the maker; and no new demand was necessary. If he had actually provided funds, on showing that fact he might have been relieved of costs, on making a real tender.

The evidence on which the order was granted consisted of the mortgage, the notes, and the protests, all being authentic evidence, and sufficient to establish plaintiff's right.

As to the attorney's fees, we do not see how there could be any doubt or question. The mortgagor binds himself to the holder of the notes to pay " all such lawyer's fees, together with all such costs, charges, and expenses as said mortgagee or any such holder shall or may incur or pay, in the event of non-payment of said notes at maturity; said attorney's fees, however, to be fixed at five per cent on the amount so in suit."

There can be no doubt about the meaning of this clause. It could not be known what costs, charges, and expenses might be incurred and paid in the event of non-payment at maturity; and, therefore, the mortgagor obligates himself to pay " all such costs, charges, and expenses

as may be incurred and paid," together with lawyer's fees.  He did not choose to bind himself for any fees that the mortgagee or holder of the notes might choose to pay his attorney; and therefore the obligation was that the fees should be fixed at five per cent on the amount sued for, absolutely and unconditionally without reference to any contract that the mortgagor or holder might make with his attorney, or to the amount which might actually be paid to the attorney.

There is as little question about the six dollars costs of protest. The petition states all the credits, and the dates.  Whenever the mortgage debt is to be paid, whether by the sheriff or by the mortgagor, the amount of the notes, with interest up to the date of the payment on account, and costs of protest, will be aggregated; and the payment deducted at that date.  The balance constitutes the capital sum on which interest will be calculated and added up to the date of the final payment.  All this is mere matter of calculation, about which no mistake need be made.  By error in the prayer, a credit which is written in the charging part of the petition in words and figures, "four hundred and twenty-eight dollars, $428," is written in words alone four hundred and twenty-one dollars.  The statement in the charging part that such sum had been paid at such date, on account of principal, interest, and costs of protest, as is the case with respect to the credit of $1000, on one of the notes, and such sum at such date, on account of interest and costs of protest, as is the case with respect to the other note, controls the prayer and the order of seizure and sale; and compels the holder of the notes to apply these precise sums, as credits, judicially admitted, on the aggregate amount due, composed of principal, interest, and costs of protest.

We do not think the mortgagor had any cause of complaint; and we do not see how he could have hoped that the judgment appealed from would be reversed or modified.  The appellee is entitled to damages for a frivolous appeal, as prayed for in his answer; but, as the debt bears interest at eight per cent, we shall allow only five per cent as damages.

The judgment appealed from is therefore affirmed with costs, and five per cent damages.