OVEETON, J.
 

 Mrs. Annie D. Graham, Thomas F.. Dennis, and Hobson A. Dennis executed a promissory note in favor of Otis AY. Bullock, and, to secure the payment thereof, executed a mortgage containing the pact de non aliennado, on lots 2, 3, and 6 of the H. S. Dennis estate, located in the parish of Caddo; Mrs. Graham being at the time the owner of lot 6, Thomas F. Dennis, the owner of lot 2, and Hobson A. Dennis, the owner of lot 3.
 

 The note, executed by the foregoing parties, was not paid in full at maturity, and Bullock addressed a petition to the district court, in which he prayed tha¡t the property mortgaged be seized and sold, less’ certain portions thereof, which had been released from the mortgage.
 

 Mrs. Hallite H. Dennis, the wife of Hobson A. Dennis, intervened in the proceedings' instituted by Bullock. She alleges that, after the granting of the mortgage on lot 3 by her husband, she acquired a half undivided interest in said lot by a giving in payment, made to her by him, in restitution of her paraphernal' funds. She also alleges that the mortgage was. executed wholly for the purpose of securing indebtedness due by Mrs. Graham to Bullock, as appears from the act of mortgage itself, and that her husband and Thomas F. Dennis signed the note and executed the mortgage on their respective properties merely as sureties for the principal debtor, Mrs. Annie D. Graham, who signed the note and executed the mortgage with them, mortgaging her own property to secure the payment of the note. She further alleges that, after she had acquired an undivided half interest in said lot No. 3 from her husband, Bullock released from the operation of said mortgage the property owned and mortgaged by Thomas F. Dennis, and later also released 'therefrom a strip of land, 20 feet wide, off lot 3, in which she has an interest. She then alleges that, since
 
 *27
 
 Thomas F. Dennis and her husband were merely sureties on said note, and granted said mortgage merely to secure their obligation as such, the release of a portion of the mortgage operated as a release of the mortgage against the property owned in indivisión by herself and her husband. She alleges, in the alternative, that, should the court hold that the mortgage was not released on the property in which she owns an interest, then that she is entitled to have the property of the principal debtor, Mrs. Graham, discussed and sold, first, to pay said indebtedness, and, if this should be denied, then that she is entitled to a marshaling of assets.
 

 To the foregoing petition, exceptions of no cause of action were filed. These were sustained by the trial judge, and intervener’s petition was accordingly dismissed.
 

 Opinion.
 

 We do not understand that intervener is relying upon-the fact that Bullock released a part of her property from the mortgage. She is, however, relying upon the álleged fact, which the exceptions of no cause of action necessarily admit to be true, that Bullock released from the mortgage the property hypothecated by the sufety, Thomas F. Dennis. Whether she has cause to complain of that release we shall now consider.
 

 As to whether intervener has cause to complain depends upon whether, on paying Bullock the balance due on the mortgage, she would be entitled to be subrogated by operation of law to the rights of Bullock under the mortgage, and, if she would be, whether Bullock was called upon to preserve' intact the mortgage, so that, should she, or any one in her position, make payment, subrogation would take place as fully as if there had been no release of a part of the mortgage.
 

 In considering these questions, it should be borne in mind that intervener is not a party to the mortgage, and that she is not bound personally, in any manner whatsoever, on the indebtedness secured by it, but is merely the third possessor of property incumbered with the mortgage. However, while she is not personally bound on the indebtedness, yet her property is bound for it. As her property is bound for the indebtedness, she has an interest in paying the indebtedness to save her property from being sold to satisfy it. Because of that interest the law would subrogate her, in event she should pay the indebtedness, to the rights of the mortgage creditor. Duchamp v. Dantilly, 9 La. Ann. 247; Walmsley Co. v. Theus, 107 La. 417, on pages 430 and 432, 31 So. 869. While, therefore, the law would subrogate intervener to the rights of Bullock, should she pay the mortgage, yet the determination of that question still leaves to be decided whether intervener was discharged from the mortgage by the release of the property of Thomas F. Dennis from it. Unquestionably, should intervener pay the mortgage, she would not be subrogated to all of the rights of Bullock as they existed at the time the mortgage was granted, due to the fact, that the mortgage has been canceled as to a part of the property originally hypothecated. But does that fact call for the release of the property owned by intervener? The law-grants to the surety a discharge, when, by' the act 'of the creditor, the subrogation to his rights, mortgages, and privileges can no longer be operated in favor of the surety. Civil Code, art. 3061. However, as we have seen, intervener is not a surety, but is merely the third possessor of a part of the property originally mortgaged. Hence, it may be said that the article cited has no application to her. We know of no law that grants to the) third possessor of a mortgaged property a release of the property hypothecated and owned by him, because the creditor has released other property secured by the same mortgage, even though, as in this instance, the release was granted, after the third possessor ae
 
 *29
 
 quired the property. In our view, the third possessor, in the absence of any law to the contrary, has no right to demand that the mortgage, as originally granted, be kept intact, as a condition to its continued existence on that part of the property acquired by him, so that, in the event he should conclude to pay the mortgage, he would be subrogated, on paying it, to the rights of the creditor, as they existed at the time the mortgage was granted. All -that the third possessor may look for, upon making payment, is to be subrogated to the rights of the mortgage creditor as they exist at the time the payment is made.
 

 In discussing a similar question, it was said in Powell v. Hayes, 31 La. Ann. 789, that:
 

 “There being, therefore, no privity between the mortgage creditor and the third possessor, the former is under no obligation to preserve his privileges and mortgages against others, in order that the third possessor may have subrogation thereto in their entirety. It may be that the third possessor, having an interest in discharging the debt, will, upon payment thereof, be entitled to subrogation to the then existing rights of the mortgage creditor. ‘But’ as is said in Offutt v. Hendsley, 9 L. 13, ‘between these two there is no privity of contract; they are mere volunteers; he becomes * * * a vendee of the mortgagor without the knowledge or assent of the creditor, and may have done so against his will. He is under no obligation to pay the creditor, and when he does pay, he must be satisfied with a subrogation to these rights as they exist. * * * We cannot see how the rights of a mortgagee may be affected or put in duriori casu by the circumstance of there being a second mortgagor or a sale of the mortgage premises, etc.’
 

 “If, therefore, the mortgage creditor was under no obligation to preserve his securities against others for the benefit of the third possessor, the latter cannot complain if the creditor has renounced or lost them.”
 

 The doctrine of the Powell Case is applicable here. There is no privity, of contract between intervener, the third possessor, and Bullock, the mortgage creditor. Therefore, entertaining the foregoing views, we are unable to sustain the contention here made by intervener.
 

 Intervener next takes the position that Bullock, before proceeding against the property acquired by her from her husband, should be required to discuss the remainder x of the property mortgaged, especially that belonging to and mortgaged by Mrs. Annie D. Graham, who, she alleges, is the principal debtor. However, we are unable to take this view. As to why we are unable to-take it, it is sufficient to say that the mortgage, which the seizing creditor is endeavoring to foreclose, is a special mortgage, and this being so, the plea of discussion cannot be opposed to it. Code of Practice, art. 73; Bagley v. Tate, 10 Rob. 45; Burgess v. Gordy, 32 La. Ann. 1296; Myer v. Kendall, 142 La. 361, 76 So. 800.
 

 The last position taken by intervener is that she is entitled to a marshaling of "assets. The nature of the doctrine of the marshaling of assets is stated in 25 Cyc. at page 927, as follows:
 

 “The doctrine of marshaling assets and securities is that, where a creditor has a lien on two funds in the hands of the same debtor, and another has a lien on one of them only, equity, on the application of the latter, will compel the former" to make his debt out of that fund to which the latter cannot resort. * * * ”
 

 The doctrine of the marshaling of assets is recognized in this state. Willey v. St. Charles Hotel Co., 52 La. Ann. 1581, 28 So. 182.
 

 The doctrine, as above stated, implies that there should be at least two creditors of the same debtor, one of whom has a lien on two funds in the hands of the debtor, while the other has a lien on only one of those funds. In this instance there is but one creditor, and the doctrine, therefore, would seem not to apply. However, intervener takes the position that, although she is not technically d creditor, still that she has an interest in part of the property mortgag
 
 *31
 
 ed, she being the owner of that part, and that such interest gives her the right to provoke a marshaling of assets. However, to recognize intervener’s asserted right to provoke a marshaling, because of that interest, would be to permit her, under the guise of marshaling the assets, to force a discussion of the remaining property mortgaged, prior to a discussion of her own, when to require such discussion would be in contravention of article 73 of the Code of Practice, as we have held above.
 

 For the foregoing reasons the relief prayed for by .intervener cannot be granted. In the •event she is evicted from the property acquired by her, she will , have to look to her husband, from whom she acquired it, for redress.
 

 For the reasons assigned, the judgment under review is affirmed, at relator’s cost.