Nos. 4100, 4149
(Consolidated)

Second Circuit

(Second Division)

SMITH v. VAN ARSDALE ET AL.

(March 16, 1932. Opinion and Decree.)

Stewart & Stewart, of Minden, attorneys for plaintiff, appellee.

Watkins & Watkins and John T. Campbell, of Minden, attorneys for defendants, appellants.

STEPHENS, J. On October 3, 1927, B. W. Myrick sold to Pat Van Arsdale a certain ninety acres of land in Webster parish, La., for the sum of $1,350. The purchase price was represented by two promissory notes, each for the sum of $675, signed by the vendee and payable to the order of the vendor, and due respectively October 15, 1928, and October 15, 1929. The instrument of conveyance stipulated a special mortgage on the property in favor of the vendor or any future holder of the notes, and it was agreed therein by the purchaser that he would not alienate, deteriorate, or incumber the property to the prejudice of the mortgage.

The vendor Myrick transferred the notes by indorsement to Dr. R. W. Smith, who became the holder thereof in due course, for value received, before maturity.

This suit was brought by Dr. Smith against Van Arsdale as maker, and Myrick as indorser, of the notes, for the purpose of foreclosing the mortgage by ordinary process, and correcting an error of description in the deed of the land conveyed and mortgaged.

The defendant Myrick answered alleging payments by Van Arsdale to plaintiff in excess of the amount of the notes; and, further, that Van Arsdale had cut and re-

248

moved timber from the mortgaged property with the knowledge and consent of plaintiff, Dr. Smith, of the value of $1,568.40; and that he was thereby discharged from liability to plaintiff as indorser.

The defendant Van Arsdale before the institution of this suit had permanently left the state. A curator ad hoc was appointed to represent him, who filed an answer pleading the discharge of the notes by payment.

The right of plaintiff to have the description of the land corrected was not contested by either defendant.

A trial of the case in the district court resulted in a judgment in favor of plaintiff and against both defendants as prayed for; the judgment, however, against Van Arsdale being in rem only.

The defendant Myrick applied for and obtained orders of appeal, suspensive and devolutive, on March 20, 1931, and the transcript was filed in this court April 17, 1931, under the number 4100.

On June 5, 1931, the defendant Van Arsdale was granted orders of devolutive appeal on motion of his curator ad hoc; and, upon the transcript being lodged in this court, it was numbered 4149. The appeals were ordered consolidated for trial.

The district judge concluded that the defendants failed to sustain the burden of proving payment of the notes. In this conclusion we fully agree. The notes were filed in the record and bore no evidence of payment. Dr. Smith testified that they had not been paid, and that Van Arsdale owed him a considerable sum of money in excess of their face value. In support of this statement, he submitted written evidence of loans to Van Arsdale, during their business relations from 1925 to 1929, of sums aggregating $2,460, which amount

does not include the $1,350 herein sued for. One thousand thirty dollars of the $2,460 loaned is evidenced by notes held by Dr. Smith without notation of payment thereon, and the remainder of that sum is evidenced by canceled checks payable to Van Arsdale and bearing his indorsement.

The total amount set up in defendants' answers as money paid to Dr. Smith during his business relations with Van Arsdale was $1,887, itemized as follows:

Gulf stock paid through Bank of Minden ......$ 967
Paid by Phillip Holly...... 200
Paid by Van Arsdale...... 120
Installments paid by Van Arsdale out of salary—$50 per month for 12 mos. 600

$1887

Dr. Smith testified, and it was not refuted, that it was understood by Van Arsdale that the payments that he made from time to time were to be applied to his indebtedness which was not evidenced by notes.

If it be conceded therefore that all of the alleged payments were supported by definite satisfactory proof (in our opinion they were not), the defendants have failed to establish that the notes sued on were paid, either wholly or in part.

There is definite and satisfactory proof in the record, however, that timber was cut and removed from the mortgaged property with the knowledge and consent of the plaintiff, the holder of the notes, and without the consent of the defendant Myrick, the indorser thereon.

Myrick testified that he did not consent to the removal of the timber. His evidence is undisputed.

Dr. Smith testified on this issue as follows:

"By the Court:

"Q. I want to ask you about this timber, Dr. Smith, I want to ask you, Doctor, if you consented for Mr. Van Arsdale to sell the timber?

"A. He was living up there at the time, he lived somewhere around there, and had charge of the property, and he would come to me and tell me that he wanted to clean up some of the land, and he had a chance to sell timber for enough to pay for the work and it would improve the land. In other words he talked of it that way, it would be an improvement put on the land. I told him to go ahead and do what he pleased with it.

"Q. All right, this is all.

"A. I told him to go ahead and do what he pleased as long as he had it in his charge. You understand I didn't have the land in charge then.

"Q. Yes, but you had a mortgage on it and I want to know whether you consented?

"A. I consented for him to do as he pleased as long as he was up there and I think he mighty near did it."

The release of the timber by the plaintiff unquestionably operated as an impairment of the mortgage security, and the indorser Myrick was discharged to the extent of the value of the security released. Union National Bank v. Cooley, 27 La. Ann. 202.

The rule of law applicable to the facts here existing is stated in 8 Corpus Juris, Bills and Notes, sec. 861 h, as follows:

"The surrender or release by the holder of a bill or a note of any security which he has received from the acceptor or maker, for the payment of the instrument, operates as a discharge of indorsers to the amount of the security so surrendered, provided the indorsers' liability has not become fixed, and they do not consent thereto. * * *"

The evidence discloses that timber from the mortgaged property was sold by Van Arsdale as follows:

Pulp wood—320 cords at 60c per cord ........................$192.00
Cross ties ........................ 30.00
Telephone poles ........................ 8.00

$230.00

It was also shown that 5,000 feet of logs were sold, but the price or value per thousand feet was not proven; therefore, that item cannot be included in determining the depreciation of the security.

In our opinion, the judgment against the defendant B. W. Myrick should be amended and reduced from the principal sum of $1,350 as shown therein, to the principal sum of $1,120; and, as thus amended, the judgment against both defendants should be affirmed, and it is so ordered.