HIGGINS, Justice.
 

 The plaintiff, as holder and owner of certain promissory notes, secured by chattel mortgages, sued the maker and the guarantor or surety in solido.
 

 The surety, George Foshee, filed exceptions of no cause or right of action on the ground that he was an accommodation indorser and the petition failed to allege that notice of dishonor and failure to pay the notes at maturity had been given to him.
 

 The trial judge sustained the exceptions and dismissed the suit. The plaintiff appealed and the Court of Appeal held that George Foshee was not an accommodation indorser but a surety and that it was not necessary for him to be promptly notified of the nonpayment of the note at maturity. The judgment of the lower court was annulled and the case remanded for further proceedings. 159 So. 456.
 

 The defendant, "George Foshee, after filing exceptions of vagueness and a plea of oyer, answered denying liability on the ground that the plaintiff had demanded and accepted from the debtor, James M. Foshee, two of the mules secured by a chattel mortgage and had disposed of them at private sale for the sum of $190, subject to an expense item for drayage of $10, and credited the notes with the sum of $180, and that the creditor, by such action, had thereby released the surety from liability.
 

 
 *223
 
 The defense urged by James M. Foshee, the maker of the notes or debtor, was that the plaintiff, as creditor, had agreed with the debtor to cancel the indebtedness upon the surrender.and delivery of the mules to the creditor. The note for $100, representing the fifth installment due on a previous sale of equipment and live stock by the plaintiff to the defendant, subject to certain credits, is not in dispute.
 

 The judge a quo rendered judgment non-suiting the plaintiff as to the defendant, George Foshee, and sustained the defense of James M. Foshee; he also dismissed the suit as to the balance of the claim of $335 for the two mules, and rendered judgment in favqr of the plaintiff for the sum of $100, subject to certain credits.
 

 The plaintiff again appealed and the Court of Appeal amended the judgment as to the defendant, James M. Foshee, by increasing the judgment to the sum of $335, subject to certain credits, with interest and 10 per cent, attorney’s fees, and decreed that the chattel mortgages be recognized and rendered executory on the property described therein, and that the judgment be annulled as to George Foshee and remanded to the lower court for reinstatement on the docket. 178 So. 778.
 

 The Court of Appeal refused to grant a rehearing and the defendants then applied to this court for writs of certiorari, which were granted, and the case is now before us for review.
 

 The first error complained of was that the Court of Appeal should have accepted the finding of fact of the trial judge that the creditor and debtor had mutually agreed to the cancellation of the debt, in consideration of the surrender of the mules, because' the evidence- in the record amply supported his conclusions. This is purely a question of fact and the Court of Appeal had the right to annul the judgment of the district court on a question of fact, when it concluded that the trial judge had committed manifest error.
 

 The Court of Appeal, in its decree, allowed plaintiff interest on the $335 from December 3, 1929, until paid. The plaintiff’s petition and also the indorsements on the notes show that the interest was paid until November 15, 1931. This error, being patent upon the face of the record, will be corrected.
 

 The Court of Appeal also decreed that the chattel mortgages be recognized and rendered executory on the mortgaged property, but the plaintiff did not ask for that relief in either the body or the prayer of his petition. The court was powerless to grant the plaintiff more than he had demanded. But it is said the pleadings were enlarged by defendant’s jprayer 0f oyer of the chattel mortgage. The plaintiff having voluntarily, at private sale, • sold the two mules described in the chattel mortgage, cannot now ask the court to recognize this mortgage on the mules. This error will al'so be corrected.
 

 The plaintiff alleged and testified that after making demand upon the debtor and the guarantor or surety, he entered into an agreement with the debtor to take possession of .the two mules described in the chattel mortgage and sell them for the account of the debtor and apply the proceeds
 
 *225
 
 of the sale, less expenses, on account of the notes. Plaintiff does not allege or testify that the guarantor or surety agreed to this arrangement. He does state that under the agreement the mules were sold at private sale for the price and sum of $190, the expense of $10 for drayage being deducted and the balance of $180 being credited on the notes. The guarantor or surety, George Foshee, one of the relators, contends that this action on the part of the creditor released him, because, if he were to pay the full’amount of the claim, the creditor had placed himself in á position where he could not subrogate the surety to the same rights that the creditor enjoyed under the chattel mortgage.
 

 In the case of Dennis v. Graham et al., 159 La. 24, 105 So. 87, the court held that under article 3061 of the Revised Civil Code, a surety is discharged when the creditor’s action makes it impossible for the surety to be subrogated to all of the creditor’s rights, mortgages, and privileges.
 

 It is our opinion that the surety in the instant case was discharged by the action of the creditor.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the writ of certiorari is perpetuated and the judgment of the Court of Appeal is amended by granting interest from November 15, 1931, by eliminating the recognition of the chattel mortgages, and by dismissing the suit against George Foshee, the guarantor or surety, at plaintiff’s costs; in all other respects, the judgment, as amended, is affirmed. Plaintiff to pay the costs of this court.