66 So.2d 369 (1953)
GLASS
v.
McLENDON et al.
No. 7958.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Rehearing Denied July 20, 1953.
Writ of Certiorari Denied November 9, 1953.
Wilson, Abramson & Maroun, Shreveport, for McLendon.
George H. Robinson, Homer, for F. S. Key.
Graydon K. Kitchens, Minden, for appellee.
HARDY, Judge.
This is a suit by plaintiff as holder and owner for value before maturity in due course and without notice of a promissory note in the principal sum of $1,000, subject to credits aggregating $140, against the defendant, F. S. Key, as an accommodation signor, and defendant, Charles McLendon, as an accommodation endorser. After trial there was judgment in favor of plaintiff against the defendants, in solido, from which the latter have appealed.
Practically all of the facts are established or conceded. On September 1, 1950, Mrs. Jewell McLendon, then married to but since divorced from the defendant Charles McLendon, together with F. S. Key, signed the note sued upon, in the principal sum of $1,000 payable $50 per month beginning October 1, 1950. It was understood at the time that the note was executed and negotiated as a collateral note for the further security of a chattel mortgage note which was to be executed by Mrs. McLendon in the sum of $1,250. The latter note, secured by mortgage on Mrs. McLendon's personal household furniture, was actually executed on November 16, 1950, at which time this plaintiff delivered his check in the sum of $1,250 to Mrs. McLendon. Strangely enough it appears that two payments of $50 each had already been made upon the collateral note on October 11th and November 16th, respectively, prior to the execution of the principal obligation. It was not until *370 sometime about or in the month of June, 1951, that the defendant, Charles McLendon, endorsed the collateral note.
Both defendants entered somewhat general denials, but both, in their answers specifically admitted their signatures upon the note, and both alleged alterations of the note subsequent to their signatures. The defendant, McLendon, particularly averred in his answer that plaintiff, voluntarily and without notice to him, consented to the removal of the furniture of the principal debtor which was secured under a chattel mortgage concurrent with the principal obligation, as a consequence of which consent the furniture was moved from the State of Louisiana to the State of Arkansas. The legal conclusion urged by this defendant is that this action of plaintiff effected the release of the security and as a consequence discharged this defendant, an accommodation maker, to the extent of the value of such furniture.
A similar defense is here urged by the defendant Key, but it is contended by counsel for plaintiff that this is a special defense which must fail through omission of said defendant to plead the same. On this point we think the failure to plead has been overcome by a consideration of the fact that evidence on the point was admitted without objection, and it necessarily follows that such evidence had the effect of broadening the pleadings and must accrue therefore to the benefit of the defendant Key. We note the observation of plaintiff's counsel in brief to the effect that he had objected to the evidence insofar as it would have the effect of amplifying or broadening the pleadings, but careful examination of the record fails to disclose such an objection and we can only conclude that counsel is in error as to his recollection on this point.
In our opinion this question as to the effect of plaintiff's authorization for the removal of the mortgaged property is the only issue presented in the case.
It is a long standing rule of jurisprudence in Louisiana to the effect that an action by a principal debtor which releases any security, without the knowledge or consent of an endorser or surety, relieves the latter; Union National Bank v. Cooley, 27 La.Ann. 202; Smith v. Van Arsdale, 19 La.App. 247, 140 So. 95; Wyatt v. Buckley, La.App., 174 So. 387; Central Savings Bank & Trust Co. v. Oil Field Supply etc. Co., 202 La. 787, 12 So.2d 819; United Loan Corp. v. Kyer, La.App., 54 So.2d 891.
We note that the trial judge was of the opinion that defendants had failed to show that they had been prejudiced by this action. He reasoned, on the basis of failure to prove the contrary, that it should be assumed that the property is still presently located either in Hot Springs or Little 1Rock, Arkansas, in the full possession and unencumbered ownership of Mrs. McLendon, the principal debtor. We cannot concur in this conclusion and even if the point should be conceded for the sake of argument, we think it is obvious that these defendants have been prejudiced to some degree. The necessity of following the property into another state and taking appropriate action therein for the establishment of their rights would unquestionably be a more cumbersome, inconvenient and expensive operation then would be the case if the furniture had not been removed. Nor is there any assurance that they could locate the furniture or when located that they would find it in the unencumbered possession and ownership of Mrs. McLendon. It is apparent that if Mrs. McLendon has taken any action which would have the effect of defeating the rights of these defendants they would be helpless, and would have suffered meanwhile this adverse judgment in favor of plaintiff whose actions would be responsible for their loss.
It is also well established that consent of a mortgagee to the release or removal of mortgaged property destroys the validity of the security as to third parties. It is particularly true that the recognition of comity between states as to enforcement of mortgages, recorded in the originating state, by the state to which removed depends upon the absence of knowledge of or consent to the removal by the mortgagee. General Motors Acceptance Corp. v. Nuss, 195 La. 209, 196 So. 323; G. F. C. Corp. v. Rollins, 221 La. 166, 59 So.2d 108.
*371 We think the conclusion is inescapable that this action on the part of plaintiff has at least seriously impaired and may have entirely destroyed the rights of defendants to the security.
The only matter left for determination is a resolution as to the value of the mortgaged furniture. While plaintiff originally considered the value to be the full amount of the loan, that is, $1,250, he testified that he later was forced to reduce his valuation. However, plaintiff testified frankly that he had offered to release defendants upon payment of the amount of $350 cash, which clearly indicates that he considered the value of the furniture to be fixed at not less than $900. We think this represents a fair value of the rights of which defendants have been deprived. In consideration of the payments made on the note sued upon we can only conclude that defendants should be discharged in full from any obligations.
For the reasons assigned the judgment from which appealed is reversed and set aside and there is now judgment in favor of defendants, Charles McLendon and F. S. Key, rejecting the demands of plaintiff at his cost.