81 So.2d 142 (1955)
Carl WILSON, d/b/a Wilson Buick Company, Plaintiff-Appellee and Appellant,
v.
Mrs. Laverne McDonald BRIAN, Defendant-Appellant and Appellee.
No. 8324.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1955.
*143 John Makar, Natchitoches, for appellant-appellee.
John G. Gibbs, Natchitoches, for appellee-appellant.
AYRES, Judge.
Plaintiff sues on a collateral mortgage note which was executed by defendant as additional security to her husband's obligation given in connection with and for the purchase price of an automobile truck acquired by him from plaintiff.
As a defense, defendant averred that, if it could be held that the note was executed for a valuable consideration, then that the consideration therefor had failed. She further alleged that plaintiff had repossessed and disposed of the truck purchased by her husband, the alleged effect of which was a complete obliteration of the obligation sued upon. Contending further that plaintiff's repossession of the truck was illegal and that she was damaged thereby, defendant prayed for judgment against plaintiff for damages in compensation for attorney's fees incurred and for humiliation and embarrassment suffered by her and for loss of time occasioned by the acts of the plaintiff.
There was judgment in the trial court rejecting plaintiff's demands and directing cancellation and erasure of the mortgage from the records and rejecting defendant's reconventional demands for damages. From that portion of the judgment rejecting her demands for damages, defendant prosecutes a devolutive appeal to this court. Plaintiff also prosecutes a devolutive appeal from the judgment rejecting his demands. In addition, plaintiff answered defendant's appeal and prayed there be judgment in his favor in accordance with the prayer of his petition and for an affirmance of the judgment rejecting defendant's reconventional demands for damages.
Defendant has moved in this court for a dismissal of plaintiff's devolutive appeal on the ground that the question of plaintiff's mortgage against defendant's property had become moot inasmuch as no suspensive appeal was taken from the judgment directing *144 its erasure and cancellation, which ministerial acts, pursuant to said judgment, the clerk of court and ex-officio recorder had long since performed. The disposition of the issues raised on the merits dispenses with the necessity of considering defendant's motion to dismiss.
Much of the evidence deals with the repossession and custody of the truck purchased of plaintiff by defendant's husband. The activities and business ventures of defendant's husband were not successful. He therefore left the truck in the possession of Henry McDonald, defendant's grandfather, of Provencal, Louisiana. It was there that plaintiff repossessed the truck. Apparently McDonald wanted to get it away from his place and readily consented for its removal when plaintiff sent for the truck. After plaintiff had thus taken possession of and removed the truck to Natchitoches, a discussion pertaining thereto and to the husband's indebtedness therefore ensued between defendant's husband and plaintiff. No demand was made for the truck's return; however, after its repossession plaintiff permitted the truck to get into possession of one William Sholty of Campti, Louisiana, an operator of an auto wrecking yard. Plaintiff thus transferred the truck to Sholty. This act constitutes a conversion of the vehicle. It could not logically be contended that a repossession and disposition, or sale, of the truck to a third person did not accomplish that fact.
Defendant's obligation was secondary to that of her husband's indebtedness to plaintiff and takes on the nature of a suretyship. Suretyship is defined in LSA-C.C. art. 3035, as follows:
"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."
There is no contention that defendant was in agreement with plaintiff's repossession and disposition, or sale, of the truck. All the testimony is to the effect that she did not consent or agree.
It is likewise clear from the evidence that, by the action of plaintiff, defendant can not be subrogated to plaintiff's rights, privileges and mortgage on the truck and that such rights, privileges and mortgage can no longer be operated in her favor. Plaintiff had transferred the property to a wrecking yard. Under these circumstances, and for the evident purpose for which it was acquired by the wrecking yard, plaintiff's "consignment" of this truck to such yard effects a complete release of defendant on a suretyship obligation. The "consignment" by plaintiff to the wrecking yard operated as a complete sale and delivery of the truck to said yard and was so intended by plaintiff.
LSA-C.C. art. 3061 provides:
"The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."
In construing this article, the jurisprudence is uniform on the proposition that a surety is discharged when the creditor's action makes it impossible for the surety to be subrogated to all the creditor's rights, mortgages and privileges. It was stated by this court in Glass v. McLendon, 66 So.2d 369, 370:
"It is a long standing rule of jurisprudence in Louisiana to the effect that an action by a principal debtor which releases any security, without the knowledge or consent of an endorser or surety, relieves the latter; Union National Bank v. Cooley, 27 La.Ann. 202; Smith v. Van Arsdale, 19 La.App. 247, 140 So. 95; Wyatt v. Buckley, La.App., 174 So. 387; Central Savings Bank & Trust Co. v. Oilfield Supply, etc., Co., 202 La. 787, 12 So.2d 819; United Loan Corp. v. Kyer, La.App., 54 So.2d 891."
See also Dennis v. Graham, 159 La. 24, 105 So. 87; Brewer v. Foshee, 189 La. 220, 179 So. 87; Simmons v. Clark, La.App., 64 So.2d 520.
Moreover, plaintiff's failure to comply with the provisions of the Deficiency *145 Judgment Statute, LSA-R.S. 13:4106 et seq., likewise operates to discharge defendant from the note and mortgage forming the basis of this suit. Home Finance Service v. Walmsley, La.App., 176 So. 415; Southland Inv. Co., Inc., v. Lofton, La.App., 194 So. 125; Futch v. Gregory, La.App., 40 So.2d 830; Farmer v. Smith, La.App., 57 So.2d 778.
It is our opinion that the defendant, as the maker of the collateral mortgage note, was discharged by the action of the creditor in repossessing and disposing of and selling the mortgaged truck without her knowledge or consent and in thus making it impossible for her to be subrogated to the creditor's rights, privileges and mortgage on such property.
Defendant's reconventional demands for damages for humiliation, embarrassment, loss of time etc., were properly and correctly dismissed, particularly for the lack of proof. There is no evidence defendant suffered humiliation or embarrassment over the repossession of the truck. She and her husband for a considerable portion of the time involved were living in Texas.
Likewise, the reconventional demand for attorney's fees as an item of damages was correctly rejected. Such fees are generally only awarded when either stipulated by contract or provided by some statutory enactment. Neither the note nor collateral mortgage contained any agreement or a stipulation with reference to attorney's fees on the part of the plaintiff. We know of no law and have not been cited any statutory provisions providing for such fees. To the contrary, in Davis-Wood Lumber Co. v. Canulette Shipbuilding Co., Inc., 164 La. 301, 305, 113 So. 855, 856, the Supreme Court stated:
"This court has frequently held that the fee of counsel in prosecuting a claim for damages is not a proper subject of recovery. Chapuis v. Waterman, 34 La.Ann. [58] 61; Roos v. Goldman, 36 La.Ann. 132; Manning v. Cohen, 124 La. [869] 870, 50 So. 778."
See also Robinson v. Hook, La.App., 1 So. 2d 336.
Finding no manifest error in the judgment appealed, and for the reasons herein assigned, it is affirmed.
Affirmed.