205 So.2d 81 (1967)
C. I. T. CORPORATION
v.
Abraham ROSENSTOCK.
No. 2785.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
*82 Monroe & Lemann, Nigel E. Rafferty and Jerry A. Brown, New Orleans, for plaintiff-appellee.
R. Paul Greene, Baton Rouge, for defendant-appellant.
Before REGAN, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
This is a deficiency judgment suit for $33,329.45, plus interest, court costs and attorney's fees, against Abraham Rosenstock, mortgagor, and Rene Ortlieb, Jr., endorser on the mortgage note only, following a foreclosure sale at public auction, of the chattel mortgaged property, to recover the face value of the note of $47,336.18. It is apparent that the sale brought only $14,006.73.
The chattel mortgage act contained the usual security clauses, including a confession of judgment. Ortlieb, Jr., was not a party to the chattel mortgage act; he merely endorsed the note of the mortgagor as follows:
"All of the undersigned hereby waive presentment and demand for payment, protest and notice of nonpayment and protest and consent that the holder hereof may, without notice to and without releasing the liability of any of the undersigned hereunder as unconditional endorser(s), compound or release, by operation of law or otherwise, any rights against, and grant extensions of time to the maker(s) or any endorser(s).
 Signed: Rene Ortlieb, Jr."
Ortlieb, Jr., was not named as a Defendant in the executory proceedings, and had no citation or formal notice of the filing of the executory proceedings, nor any notice of the seizure and sale.
Ortlieb, Jr., filed an exception of no right or cause of action, based on the fact that: (1) he was not a party to the prior executory proceedings; and (2) that the action of Plaintiff, in having caused the mortgaged property to be seized and sold, denied him subrogation to the security he was entitled to upon payment of the note, all of which released him from liability as surety. The exceptions were overruled by the District Judge, and judgment rendered against Ortlieb, Jr., from which he has taken this appeal.
The proceeding was originally commenced as an executory proceeding against Rosenstock the mortgagor. Ortlieb, Jr., was not included in the original executory proceeding since he was not a party to the chattel mortgage, having simply endorsed the note. Later, the original executory proceeding was converted to one for a deficiency *83 judgment against both Rosenstock and Ortlieb. LSA-C.C.P. art. 2772 permits the conversion of an executory proceeding into a proceeding for a deficiency judgment, reading as follows:
"A creditor may obtain a deficiency judgment against the debtor either by converting the executory proceeding into an ordinary proceeding as provided in Article 2644, or by a separate suit. In either case, the defendant must be cited, and all of the delays and formalities required in ordinary proceedings must be observed."
There was no judgment against Ortlieb, Jr., nor did he receive service of the writ of seizure and sale, demand, or notice of seizure, as is required in executory proceedings.
Ortlieb's obligation as endorser was one of suretyship, defined in LSA-C.C. Art. 3035, as follows:

"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."
Rosenstock, the original debtor, signed the note which reads:
"After date, I promise to pay to C.I.T. Corporation or order Forty-Seven Thousand Three Hundred Thirty-Six and 18/100 * * *."
There was no co-maker on the note, and the face of the note did not provide for "in solido" liability of the endorser.
Ortlieb, Jr., did not agree to the sale of the machinery, which was described in the chattel mortgage. He had neither knowledge of the proceeding nor formal notice of the sheriff's sale.
In Wilson v. Brian, La.App., 81 So.2d 142, plaintiff repossessed and sold a truck without the consent of the surety. The court stated:
"LSA-C.C. art. 3061 provides:
"The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.'
"In construing this article, the jurisprudence is uniform on the proposition that a surety is discharged when the creditor's action makes it impossible for the surety to be subrogated to all the creditor's rights, mortgages and privileges. It was stated by this court in Glass v. McLendon, 66 So.2d 369, 370:
"It is a long standing rule of jurisprudence in Louisiana to the effect that an action by a principal debtor which releases any security, without the knowledge or consent of an endorser or surety, relieves the latter; Union National Bank v. Cooley, 27 La. Ann. 202; Smith v. Van Arsdale, 19 La.App. 247, 140 So. 95; Wyatt v. Buckley, La.App., 174 So. 387; Central Savings Bank & Trust Co. v. Oilfield Supply, etc., Co., 202 La. 787, 12 So.2d 819; United Loan Corp. v. Kyer, La. App., 54 So.2d 891.'
"See also Dennis v. Graham, 159 La. 24, 105 So. 87; Brewer v. Foshee, 189 La. 220, 179 So. 87; Simmons v. Clark, La. App., 64 So.2d 520."
In the same case the court further stated:
"It is our opinion that the defendant, as the maker of the collateral mortgage note, was discharged by the action of the creditor in repossessing and disposing of and selling the mortgaged truck without her knowledge or consent and in thus making it impossible for her to be subrogated to the creditor's rights, privileges and mortgage on such property."
Simmons v. Clark, La.App., 64 So.2d 520, is a case where an action was instituted against a surety, and while the question raised there was concerning the effect of LSA-R.S. 13:4107, the suit turned directly *84 on the provision of LSA-C.C. art. 3061. The court said:
"Furthermore, by the provisions of Article 3061 of the LSA-Civil Code, the surety is discharged from his obligation when, by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.
"Through the act of the creditor the property of the mortgagor, Holmes, was sold. The creditor now proceeds against the sureties for a deficiency judgment. No notice was given the surety of the original foreclosure proceeding against Holmes, nor were they requested to pay the indebtedness. There are no rights of the principal to which the sureties may be subrogated. Clearly, under the provisions of Article 3061, the petitioner has lost his rights against defendants.
"We fail to find any error in the holding of the lower court. By the act of petitioner in foreclosing against Holmes without benefit of appraisement, he lost his right to a deficiency judgment. Under the laws of suretyship, this defense of the principal obligor now operates in favor of the sureties. Furthermore, under the provisions of Article 3061 of LSA-Civil Code, the petitioner has no right or mortgage which might be subrogated in favor of defendants should the demand of petitioner be allowed." (Emphasis added.)
There is no doubt that Ortlieb, Jr., by placing his name on the back of the note, became liable to Plaintiff for the full amount if Rosenstock did not pay. His liability was that of a surety, which entitled him to all the rights and privileges and protection the law gives to a surety. As a surety, he was entitled to subrogation of the security pledged by the maker if he had been called upon to pay the note, and either paid or refused to pay it.
In New England & Mutual Life Ins. Co. v. Randall, 42 La.Ann. 260, 7 So. 679, the court said:
"When the creditor intends to look to the surety for payment, he is compelled to preserve unimpaired all his rights against the debtor. If the creditor, therefore, does any act without the surety's consent, which impairs his rights of subrogation, or the means of [conferring] his claim against the principal in case he should be called upon to pay the debt, the surety will be discharged. (Emphasis added.)

* * * * * *
"The creditor's first and highest duty is to the surety; and he has no right to first exhaust the debtor's resources, and reduce him to a state of bankruptcy, and then call upon the surety to pay the balance that remains due."
It is clear from the endorsement of the note by Ortlieb, Jr., that he became a simple endorser. All he waived was the necessity for:
"presentment and demand for payment, protest and notice of nonpayment and protest, and consent that the holder hereof may, without notice to, and without releasing the liability of any of the undersigned hereunder as unconditional endorser(s), compound or release, by operation of law or otherwise, any rights against, and grant extensions of time to the maker(s) or endorser(s)."
The judgment of the District Court against Defendant Rene Ortlieb, Jr., is annulled and set aside, and judgment rendered in his favor and against Plaintiff, C.I.T. Corporation, dismissing the latter's suit against Ortlieb, Jr.; otherwise the said judgment is affirmed; and Ortlieb, Jr., is relieved of the payment of any costs of court; with the right to recover from Plaintiff any costs paid by him.
Judgment reversed in part and affirmed in part.