338 So.2d 1202 (1976)
FIRST NATIONAL BANK OF LAFAYETTE, Plaintiff-Appellee,
v.
DONI HOMES, INC., et al., Defendants-Appellants.
No. 5663.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
*1203 Fredric G. Hayes, Lafayette, for defendants-appellants.
Bean & Rush by Ernest L. Parker, Lafayette, for plaintiff-appellee.
Before CULPEPPER, WATSON and HUMPHRIES, JJ.
WATSON, Judge.
This is one of three cases consolidated for appeal, involving the same plaintiff, First National Bank of Lafayette, identical issues, and the same appellants. In this suit, docket # 5663, and in docket # 5674, the defendants are Doni Homes, Inc., Patrick J. Babineaux, Sr. and his wife, Mrs. Juanita Henderson Babineaux. In docket # 5678, the defendants are Pat's Building Materials, Inc. and the same Mr. and Mrs. Babineaux, Sr. Separate opinions have been rendered this date in # 5674 and # 5678.
The plaintiff bank was granted deficiency judgments in the trial court, and Mr. and Mrs. Babineaux, Sr., guarantors of notes given by the two defendant corporations, have appealed.
It was stipulated that, in all three cases, the bank foreclosed against mortgaged property and it was sold after appraisal in accordance with the requirements of the Louisiana Deficiency Judgment Act, LSA-R.S. 13:4106 et seq. The bank purchased the property at the sale and subsequently resold it to third parties at a profit.
The Babineauxs contend on appeal that:
(1) they should be given credit for the profit made by the bank on the resale of the property; or, in the alternative, their liability should be discharged because their right of subrogation against the mortgaged property has been lost by the act of the bank; and
(2) the bank should not be able to collect the 25% attorney's fees called for in the notes, but only the lesser amount actually paid the bank's attorney.
The four promissory notes herein, exhibits P1 through P4 and the two notes involved in docket # 5674, exhibits A and B, are all executed as follows:
 "DONI HOMES, INC.
 BY: /s/ Patrick Babineaux. Sr.
 Patrick Babineaux, Sr., President"
In this record and in docket # 5674 is a "CONTINUING GUARANTY" executed by Patrick J. Babineaux, Sr. and Mrs. Patrick Babineaux, Sr., which binds them in solido with Doni Homes, Inc. for any indebtedness to the bank.
There are three other promissory notes involved in docket # 5678. One, exhibit A, is executed:
 "PAT'S BUILDING MATERIALS, INC.
 BY: /s/ Patrick Babineaux. Sr.
 Patrick Babineaux, Sr., President"
The other, exhibit B, is executed simply:
 "/s/ Patrick J. Babineaux
 PATRICK J. BABINEAUX"
The reverse sides of exhibits A and B show that they are secured by another note, exhibit E, executed by Patrick Babineaux, Sr. and Juanita Henderson Babineaux.
I. The first issue is whether the Babineauxs are entitled to a credit for the profit realized by the bank; or, in the alternative, entitled to be discharged as to the balance of the debt. The Babineauxs' counsel cites LSA-C.C. art. 3061[1] and Brewer v. Foshee, 189 La. 220, 179 So. 87 (1938) in support of their position.
Mr. and Mrs. Babineaux bound themselves in solido with the debtor corporation *1204 and have a primary obligation as distinguished from the secondary liability of the ordinary simple surety in the civil law. See the discussion in Chapter I, Louisiana Creditors' Rights, by Ralph Slovenko.
In C.I.T. Corporation v. Rosenstock, 205 So.2d 81 (La.App. 4 Cir. 1967), a foreclosure sale where the surety was not named as a defendant, cited, or given formal notice of the seizure and sale released the surety's liability. The surety in Rosenstock was a simple endorser rather than an in solido endorser; and he was not a party to the executory proceedings. In Brewer v. Foshee, supra, the surety was held to be discharged by the creditor's private sale of two mortgaged mules. The surety in that case was not notified of the non-payment of the note and the sale was not public as here. The Babineauxs, in contrast, were parties defendant in the executory proceedings and personally served with a notice of the seizure and date of sale of the mortgaged property.
A mortgage is an accessory obligation and the primary obligation can stand alone unaffected by the extinction of the mortgage. Purchase by the mortgage creditor at a judicial sale releases the mortgage without destroying the debt or affecting the right of the creditor to enforce payment of the balance, absent lack of notice to the debtor or some other circumstance not present here. Compare Louisiana Bank and Trust Co., Crowley v. Boutte, 309 So.2d 274 (La., 1975), which deals with solidary sureties under a continuing guaranty.
Here, Mr. and Mrs. Babineaux bound themselves, as well as the mortgaged property, for payment of these debts. When there is a foreclosure against mortgaged property, the amount to be applied to the debt secured by the mortgage is limited to the proceeds of the judicial sale. The fact that the purchaser, even though it be the mortgagee, afterwards sells the property for more or less than the amount realized cannot affect the sum to be applied to the debt. 55 Am.Jur.2d § 658. The debt is reduced or extinguished only to the extent of the amount obtained at the judicial sale, assuming no defect in the procedure.
II. The second issue is whether the Babineauxs are only bound to pay the actual attorney's fees incurred rather than those called for in the notes. This question was decided in the case of Renshaw v. Richards, 30 La.Ann. 398 (New Orleans, 1878) as follows:
"He did not choose to bind himself for any fees that the mortgagee or holder of the notes might choose to pay his attorney; and therefore the obligation was that the fees should be fixed at five per cent on the amount sued for, absolutely and unconditionally without reference to any contract that the mortgagor or holder might make with his attorney, or to the amount which might actually be paid to the attorney." 30 La.Ann. 400.
We believe that the reasoning of the Renshaw decision is as sound as it was then. The trial court correctly held that the Babineauxs were responsible for attorney's fees as stated in the notes.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed against defendants-appellants, Mr. and Mrs. Patrick J. Babineaux, Sr.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 3061:

"Art. 3061. The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."