CURRAULT, Judge.
Plaintiff, Louisiana National Bank (LNB), appeals from a deficiency judgment wherein plaintiff was awarded $419.55.
Defendant, Charles J. Victor, Jr. (Victor), purchased a mobile home executing a promissory note in favor of LNB in the amount of $20,552.50, and securing that note with a chattel mortgage also executed in favor of LNB. Victor became delinquent in his installment payments and was notified by LNB’s personal loans adjustor as to his options and the time within which he had to exercise these options before legal action would be taken. Victor failed to exercise any of the available options and subsequently defaulted on the note. After a rebate of unearned interest, $10,477.62 was due and owing on the note, plus 14.16 percent interest, 25 percent attorney’s fees on principal and interest, and costs.
LNB filed suit under executory process and the mobile home was seized and sold at judicial sale to LNB for $5,666.66. LNB subsequently resold the mobile home for $11,800, incurring expenses of $5,162.57 in repairs and sale costs.
LNB then filed suit for deficiency judgment against Victor seeking a judgment in the amount of $10,477.62 (plus 14.16 percent interest, 25 percent attorney’s fees on principal and interest, and costs, minus a credit in the amount of the judicial sale [$5,666.66]).
The trial court credited Victor with an additional installment payment of $342.54, which was accepted by LNB but had never been credited to him. The trial court additionally took evidence as to how much profit was made on the resale of the mobile home over objection of LNB’s counsel, and later subtracted that profit made by LNB on the resale from the amount Victor owed LNB, and then rendered judgment in favor of LNB in the amount of $419.55.
LNB has appealed and urges that the trial court erred by allowing into evidence and then rendering judgment based upon the expenses and profit of plaintiff on the resale of the mobile home after judicial sale over objection of plaintiff’s counsel.
The only issue for decision on appeal is whether the trial court erred in allowing Victor a credit beyond the amount of the sheriff’s sale.
“When there is foreclosure against mortgaged property, the amount to be applied to the debt secured by the mortgage is limited to the proceeds of the judicial sale. The fact that purchaser, even though it be mortgagee, afterwards sells the property for more or less than the amount realized cannot affect the sum to be applied to the debt.... The debt is reduced or extinguished only to the extent of the amount obtained at the judicial sale, assuming no defect in the procedure.” First Nat. Bank of Lafayette v. Doni Homes, 338 So.2d 1202, 1204, (La.App. 3d Cir.1976).
The application of the profit made by LNB in the resale against what was owed by Victor to LNB is clearly contrary to established principles of law in Louisiana.
Accordingly, we find the amount owed in the deficiency judgment to be as follows:
I
$10,477.62 (Balance on note/plus 14.16% interest, 25% attorney’s fees on principal & interest, and costs)
- 342.54 (Uncredited installment by Victor) $10,135.08 (Balance due)
II
$ 5,666.66 (Judicial sale price of mobile home)
- 1.053.70 (Judicial sale costs)
$ 4,612.96 (Amount obtained at judicial sale)
HI
$10,135.08 (Balance due)
- 4.612.96 (Amount obtained at judicial sale)
5,522.12 (Amount remaining due to LNB by
Victor)
*1001 Therefore, for the above stated reasons, the judgment of the trial court is reversed in part and amended so that there be judgment in favor of plaintiff (LNB) and against Chester J. Victor, but in the sum of $5,522.12 plus 14.16 percent interest, 25 percent attorney’s fees on principal and interest. Defendant-appellee is to pay all costs.
REVERSED IN PART, AMENDED IN PART AND RENDERED.