JUDE G. GRAVOIS, Judge.
l2Pefendant, Michael Nicoll, appeals the trial court’s grant of summary judgment in plaintiffs favor in this deficiency judgment proceeding instituted after a foreclosure sale. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute. Plaintiff, Capital One, N.A., formerly known as Hibernia National Bank (“Capital One”), was the holder of a promissory note executed by defendant on January 29, 2004 in the principal amount of $285,044.26, secured by a multiple indebtedness mortgage on immovable property (Lot 109 of Gabriel Subdivision in Kenner, Louisiana). Defendant defaulted on the loan. On March 30, 2010, plaintiff filed a Petition for Executory Process against defendant, alleging that the amount due on the note included the principal sum of $244,595.69, plus accrued interest, late charges, and attorney’s fees. Defendant was served with a notice of ^seizure and a notice to appoint an appraiser. When defendant did not appoint an appraiser, the sheriff appointed appraisers for both plaintiff and defendant. The appraisals came in at $115,000 and $120,000, respectively. Pursuant to La. R.S. 13:4365(B), since the appraisals were less than 10 per cent apart, the appraised value was deemed to be $117,500, the average of the two appraisals. On September 8, 2010, the property was sold at public auction to plaintiff for $78,334. This amount represented two-thirds of the appraised value, thereby allowing plaintiff to proceed for a deficiency judgment against defendant pursuant to La. R.S. 13:4106. On May 5, 2011, plaintiff sold the property to a third party for $135,000.
On July 22, 2011, plaintiff filed a Supplemental Petition for Deficiency, seeking a deficiency judgment against defendant for the full amount due under the note, subject to a credit for the sum realized at the sheriffs sale ($78,334). Defendant filed an answer to the supplemental petition, claiming that since plaintiff purchased the property at the sheriffs sale and then later resold the property for an amount greater than it had paid at the sheriffs sale, he was entitled to a credit for the full amount paid to plaintiff when it later resold the property ($135,000).[1]
*1160 On February 24, 2012, plaintiff filed a motion for summary judgment, arguing that defendant was not entitled to a credit for the resale value of the property by plaintiff, and that plaintiff was entitled to judgment as a matter of law. Defendant filed an opposition to plaintiffs motion for summary judgment, arguing that plaintiff is not entitled to double recovery, citing Louisiana Civil Code articles pertaining to damages available to an obligee for an obligor’s failure to perform an obligation. Defendant argued that damages for failure to perform on a contract are | ¿measured by the amount of the loss sustained by the obligee and the profit of which he has been deprived. Defendant contended that plaintiff is accordingly only entitled to the amount of damages that will put plaintiff in the same position as it would have been in had defendant performed his obligation, and that plaintiff is not entitled to be put in a better position.
These arguments were repeated at the hearing on the motion. At the conclusion of the hearing, the trial court granted plaintiffs motion for summary judgment. This timely appeal followed.

ASSIGNMENTS OF ERROR

On appeal, defendant has assigned the following errors, to-wit:
1. The trial court erred as a matter of law by rendering judgment in favor of Capital One based on the $78,3kk paid through the sheriff’s sale rather than the $135,000 paid to Capital One following the May 2011 sale of the Gabriel lot, resulting in a $56,000 windfall to the bank that is not based on the loan documents or allowed by Louisiana law.
2. The trial court error [sic] by relying on two Louisiana appeals court decisions that are based on the common law and by failing to apply Louisiana Civil Code articles 199k, 1995 and 2002, and other Louisiana civil law principals [sic] and provisions.
Since defendant’s assignments of error are interrelated, we will consider them together.
In his assignments, defendant argues that the loan documents in question are devoid of any provision that allows plaintiff to recover any damages in excess of the outstanding principal, plus interest, attorney’s fees, and costs. Defendant reasons that contract-based claims are defined by and limited to the provisions of the contract. Defendant argues that La. C.C. arts. 1994[2] and 1995[3] provide the framework for damages for breach of contract: the recoverable damages are those | .^caused by the failure to perform a conventional obligation as measured by the loss sustained by the obligee and the profit of which he has been deprived. Defendant recognizes that La. C.C. art. 2005 provides that the parties may create a secondary obligation for the damages to be recovered in the event of nonperformance. Defendant contends that the trial court’s ruling is contrary to these codal articles in that it allows plaintiff to make a double recovery *1161 to the extent of the gain realized by the bank from the resale of the property.
Plaintiff responds that the codal articles relied on by defendant are not applicable because defendant’s obligation is based on a promissory note, which is governed by La. R.S. 10:3-101 et seq. Plaintiff argues that upon presentation of the note, plaintiff is entitled to recover the face amount of the note unless defendant has supplied proof that a lesser amount is due. Plaintiff notes that in its original petition, it admitted that defendant had made payments and provided the current amount due. In its supplemental petition, plaintiff admitted that defendant was due a credit for the amount it paid for the property at the sheriffs sale. Plaintiff contends that the laws regulating negotiable instruments and deficiency judgments do not contain any provisions whereby the debtor is entitled to a credit for the price the creditor obtains upon a later resale of the property. Plaintiff argues that defendant’s credit is limited to the amount received at the sheriffs sale.
Defendant’s obligation on the promissory note forming the basis of this action is governed by La. R.S. 10:3-101 et seq. Plaintiffs rebanee on the civil code articles governing conventional obligations is misplaced. It is well settled that where two statutory provisions are seemingly in conflict, the statute that is more specific must prevail as an exception to the general statute. Medine v. Roniger, 03-3436 (La.7/2/04), 879 So.2d 706, 714. It is likewise established in Louisiana that a creditor seeking to obtain a deficiency judgment has the burden of ^establishing compliance with two criteria: (1) insufficiency of the sale proceeds to satisfy the underlying debt; and (2) sale of the seized property after appraisal in accordance with the codal and statutory requirements for executory proceedings. Williams v. Perkins-Siegen P’ship, 93-2131 (La.1/27/95), 649 So.2d 367, 369.
In this case, defendant never presented any defenses on the note. The property was seized and sold in conformity with plaintiffs rights granted in the mortgage due to defendant’s default and in accordance with the codal and statutory requirements for executory proceedings. Although defendant waived his right of appraisal in the mortgage, plaintiff had an appraisal performed and paid two-thirds of the appraised value for the property at the sheriffs sale as required by La. R.S. 13:4106, thereby protecting plaintiffs right to obtain a deficiency judgment against defendant.
Courts have recognized that the purpose of the Deficiency Judgment Act is to protect a debtor from an overreaching creditor. Thomas v. Livingston Parish Sheriffs Office, 04-1822 (La.App. 1 Cir. 9/23/05), 923 So.2d 662, 666, writ denied, 05-2264 (La.3/31/06), 925 So.2d 1254. This act was anticipated to prevent the inequity intrinsic in a creditor foreclosing on a debtor’s property without appraisal, and then buying the property for a low price, and then obtaining a deficiency judgment against the debtor for a greater amount than if the property had been sold pursuant to a valid appraisal. Id.
Defendant’s obligation under the note was to repay the debt as provided in the note. Once defendant defaulted on the note, plaintiff had a right to enforce its rights under the mortgage. Defendant makes no arguments relative to the note, the seizure, or the sale; rather, defendant’s sole argument is that he is entitled to an extra credit in the amount of $56,666 against the debt he owes to plaintiff, representing the gain realized by plaintiff from the sale of the property to a third |7party after the sheriffs sale. The law simply does not provide such a remedy for *1162 defendant. This perceived flaw in the Louisiana Deficiency Judgment Act, La. R.S. 13:4106, has been recognized and discussed by commentators on the subject:
... [T]he Deficiency Judgment Act does not consider whether the winning bid reflected the true value of the property or the “fairness” of the result.... [UJnder Example C [where the foreclosing creditor was the successful bidder for $200,000 at the foreclosure sale and became the owner of the property, the creditor would oum the property (which had been appraised at $300,000) and still be able to pursue the debtor for a $100,000 deficiency (the difference between the $300,000 debt and the $200,000 minimum bid), and thus the creditor would in fact be able to collect $4.00,000 (the creditor could have the $100,000 deficiency plus property worth $300,000 that it had bought for $200,000) ], the creditor receives a windfall by owning (after the judicial sale) property worth $300,000 and still maintains the right to sue the debtor for an additional $100,000. By following the Deficiency Judgment Act strictly and by being the only bidder at the sheriffs sale, the creditor in Example C has used the law to collect more than the debtor owed. This result is allowed by Louisiana law.
Michael H. Rubin & Jamie D. Seymour, Deficiency Judgments: A Louisiana Overview, 69 La.L.Rev. 783, 810 (2009).
The function of statutory interpretation and the construction of laws rests ■with the judicial branch of government. Unwired Telecom Corp. v. Parish of Cal-casieu, 03-0732 (La.1/19/05), 903 So.2d 392, 404. Despite this seeming imperfection in the law, courts have applied the law as written. When a foreclosure is completed against mortgaged property, the amount of the credit applied to the debt secured by the mortgage is limited to the proceeds of the judicial sale. Louisiana Nat. Bank v. Victor, 425 So.2d 999, 1000 (La.App. 5th Cir.1983); First Nat. Bank of Lafayette v. Doni Homes, 338 So.2d 1202, 1204, (La.App. 3d Cir.1976). Whether or not the purchaser at the sheriffs sale, even though the purchaser may be the mortgagee, later sells the property for more or less than the amount realized, does not affect the credit to be applied to the debt. | RId. Rather, the debt is reduced only to the extent of the amount obtained at the sheriffs sale. Id.
In his second assignment of error, defendant also argues that the cases relied on by the trial court are incorrect in they are contrary to the plain language of these codal articles. Our review of the record indicates that the trial judge did not cite to any particular cases in reaching his decision; therefore, we find no merit to this argument.
Upon our de novo review, for the foregoing reasons, we find that defendant’s assignments of error are without merit. Accordingly, the trial court properly granted plaintiffs motion for summary judgment, as plaintiff is entitled to judgment as a matter of law. La. C.C.P. art. 966.[4]

CONCLUSION

For the foregoing reasons, the judgment of the trial court under review is affirmed.

AFFIRMED

. Prior to defendant’s filing of its answer, plaintiff obtained a default judgment against *1160 defendant on its deficiency judgment claim on September 1, 2011. However, on January 31, 2012, the trial court subsequently granted a new trial to defendant on said judgment and vacated and set aside the default judgment.

. La. C.C. art. 1995 states: "Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived.”

. La. C.C. art. 1994 states: "An obligor is liable for the damages caused by his failure to perform a conventional obligation.”

. La. C.C.P. art. 966 provides, in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."